KNAUTH, NACHOD & KUHNE v. LATHAM & CO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 18, 1915. Rehearing Denied February 22, 1915.)

No. 2651.

1. BANKRUPTCY ⬤➡141—ADJUDICATION—EFFECT.
    A bankruptcy adjudication brings to the court making it the property of the bankrupt, wherever situated, placing the property in custodia legis with full right of the court to administer the estate.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 226, 227; Dec. Dig. ⬤➡141.]

2. BANKRUPTCY ⬤➡279—ANCILLARY SUIT—INTERVENTION.
    Where an ancillary suit is brought in a different jurisdiction by a bankrupt's trustee to recover alleged assets of the bankrupt and transfer them to the proper court for administration, adverse claimants may not intervene and impress a trust in their favor on such alleged assets.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 419–424; Dec. Dig. ⬤➡279.]

Appeal from the District Court of the United States for the Southern District of Alabama; Harry T. Toulmin, Judge.

Bill by Latham & Co., continued in the name of William S. Lovell, trustee in bankruptcy of Knight, Yancey & Co., against Knauth, Nachod & Kuhne, to recover alleged assets of the bankrupt, in which defendants filed a cross-bill or bill of intervention. From a judgment dismissing the cross-bill (211 Fed. 374), defendants appeal. Affirmed.

Knight, Yancey & Co., large dealers in spot cotton in Decatur, Ala., having become seriously embarrassed, involuntary bankruptcy proceedings were filed against them in the Northern District of Alabama, and William S. Lovell and Clarence E. Frost were appointed temporary receivers. Alleging that Latham & Co., a cotton firm, domiciled and doing business in Havre, France, had, by delivery to them of a large amount of cotton, received an unfair preference from Knight, Yancey & Co., Frost and Lovell filed their bill in the Southern District of Alabama against that firm to recover about 4,200 bales of cotton then in process of shipment by Knight, Yancey & Co. to

---

Latham & Co., and at that time located on a steamship wharf in the city of Mobile. The receivers' bill was subsequently amended by adding an allegation, on information and belief, that there were other persons than Latham & Co. who claimed some right, title, and interest in the cotton in question, and praying that all persons, firms, or corporations who claimed any right, title, or interest in and to said 4,200 bales of cotton be made party defendants to the bill and be cited by publication to answer the bill.

After obtaining the leave of court to that effect, the appellants, presumably in pursuance of the invitation so extended, filed an answer and also what they denominated a cross-bill or bill of intervention. To this bill Latham & Co. and the American Surety Company filed demurrers, and William S. Lovell, who had been granted leave to prosecute the suit as trustee, filed a motion to strike from the files. Before hearing was had on these matters, the appellants filed an amended cross-bill, and thereafter the matter coming on to be heard on motion of William S. Lovell, trustee, to strike said amended cross-bill from the files, the District Court so ordered. Thereafter an appeal was taken by Knauth, Nachod & Kuhne to this court, and it was here held that the procedure adopted to secure the dismissal of the cross-bill was not the proper procedure. See opinion on former appeal, 200 Fed. 403, 118 C. C. A. 555. The opinion of the trial court will be found reported in Lovell v. Latham & Co. (D. C.) 211 Fed. 374, to which reference is made for more complete statement.

Stevens, McCorvey & Dean, of Mobile, Ala., and Briesen & Knauth and George T. Hogg, all of New York City, for appellants.

Walker B. Spencer, Charles Payne Fenner, Philip S. Gidiere, and Esmond Phelps, all of New Orleans, La., for defendants Latham & Co. and American Surety Co.

Percy, Benners & Burr, of Birmingham, Ala., and Rich & Hamilton, of Mobile, Ala., for trustee in bankruptcy.

Before PARDEE, Circuit Judge, and MAXEY and FOSTER, District Judges.

MAXEY, District Judge (after stating the facts as above). The bill filed by the trustee in bankruptcy was merely to set aside an alleged preferential transfer of cotton made by the bankrupts, Knight, Yancey & Co., to Latham & Co. The suit was instituted in the Southern District of Alabama, and the original bankruptcy proceeding to have Knight, Yancey & Co. adjudged bankrupts was brought, and is now pending, in the Northern District of that state.

[1] The adjudication of bankruptcy in the latter court brought the property of the bankrupts, wherever situated, into custodia legis, and that court thus acquired the full right to administer the estate. Thus it was said by the Supreme Court in Lazarus v. Prentice, 234 U. S. at page 266, 34 Sup. Ct. 851, at page 852 (58 L. Ed. 1305):

"The filing of the petition and adjudication in the bankruptcy court in New York brought the property of the bankrupts, wherever situated, into custodia legis, and it was thus held from the date of the filing of the petition, so that subsequent liens could not be given or obtained thereon, nor proceedings had in other courts to reach the property; the court of original jurisdiction having acquired the full right to administer the estate under the bankruptcy law. Mueller v. Nugent, 184 U. S. 1 [22 Sup. Ct. 269, 46 L. Ed. 405]; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300 [32 Sup. Ct. 96, 56 L. Ed. 208.]"

[2] Hence the appellants had no place in the suit instituted by the trustee merely to set aside a preferential transfer. If, as claimed, they

may impress a trust in their favor upon any of the assets of the bankrupts in the hands of the trustee, no reason is perceived why they may not proceed in the court of original jurisdiction. In any event, they will not be permitted to intervene in an ancillary suit, brought by the trustee, the sole purpose of which is to collect assets of the bankrupt and transfer them to the proper court for administration.

Upon the hearing of the motion the trial court dismissed, without qualification, the cross-bill or petition of intervention filed by the appellants.

The order of dismissal should be so amended as to show that the bill or petition is dismissed without prejudice, and, as thus amended, it is affirmed.