## DE FRIECE v. BRYANT et al.

(District Court, E. D. Kentucky.   April 12, 1916.)

1. BANKRUPTCY ⊂⊃205—PREFERENCES—REMEDY BY TRUSTEE.

The fact that creditors of a bankrupt obtained a preference by attaching in another state notes due the bankrupt and selling them under the order of the court does not entitle the trustee in bankruptcy to recover the notes from the purchasers, but only to recover from the creditors the amount they received.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 234, 303; Dec. Dig. ⊂⊃205.]

2. BANKRUPTCY ⊂⊃162—"PREFERENCE"—SALE BY COURT.

A sale in attachment proceedings in another state of notes given to a bankrupt is not a "preference," where there was no transfer by the bankrupt, and he did not procure or suffer the judgment to be rendered.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 278–281; Dec. Dig. ⊂⊃162.

For other definitions, see Words and Phrases, First and Second Series, Preference.]

3. BANKRUPTCY ⊂⊃200(3)—ATTACHMENT—JUDGMENT OF SALE.

A judgment rendered by a state court, directing the sale of notes of a bankrupt which had been attached, is void, where neither the bankrupt nor his trustee were before the court when it was rendered, and the bankrupt was insolvent when the attachment suit was begun, so that the attachment was void under Bankr. Act July 1, 1898, c. 541, § 67f, 30 Stat. 564 (Comp. St. 1913, § 9651).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 296–300; Dec. Dig. ⊂⊃200(3).]

4. BANKRUPTCY ⊂⊃293(1)—JURISDICTION OF COURTS—SUIT TO RECOVER DEBT.

Bankr. Act, § 23b, as amended by Act June 25, 1910, c. 412, § 7 (Comp. St. 1913, § 9607), providing that suits by a trustee in bankruptcy shall be brought in the courts where the bankrupt might have brought them, unless by consent of the proposed defendant, except suits for the recovery of property under the sections forbidding preferences by procuring or suffering judgments and fraudulent conveyances, does not give the United States courts jurisdiction over a plenary suit by the trustee to recover a debt due the bankrupt, where the amount was insufficient to give jurisdiction because of diversity of citizenship.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 411; Dec. Dig. ⊂⊃293(1).]

5. BANKRUPTCY ⊂⊃293(1)—JURISDICTION OF COURTS—RECOVERY OF DEBT.

Bankr. Act, § 2, cl. 20 (Comp. St. 1913, § 9586), giving courts of bankruptcy ancillary jurisdiction over persons and property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceeding pending in any other court of bankruptcy, gives such ancillary jurisdiction only over summary proceedings which would have been within the jurisdiction of the court appointing the trustee if within its territorial limits, and does not give it jurisdiction over a plenary suit by a trustee in bankruptcy appointed in another district to recover a debt due the bankrupt from a debtor residing there.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 411; Dec. Dig. ⊂⊃293(1).]

6. BANKRUPTCY ⊂⊃293(1)—JURISDICTION OF COURTS—INJUNCTION AGAINST CLAIM TO PROPERTY.

A court of bankruptcy has summary jurisdiction to enjoin the assertion of a claim to notes in the possession of the trustee based on a sale on at-

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tachment thereof, which was void under the Bankruptcy Act, where because of such claim the debtor refused to pay the notes and the trustee could not sell them to others, and therefore a court of another district has ancillary jurisdiction over a suit for such injunction under Bankr. Act, § 2, cl. 20.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 411; Dec. Dig. ☞293(1).]

In Equity. Suit by Frank W. De Friece, as trustee in bankruptcy, against A. W. Bryant and others. On motion to dismiss for want of jurisdiction. Motion overruled.

James H. Jeffries, of Pineville, Ky., for plaintiff.
Patterson & Ingram, of Pineville, Ky., for defendants.

COCHRAN, District Judge. This cause is before me on motion to dismiss for want of jurisdiction. It is a suit in equity, and was brought August 16, 1915. The bankruptcy proceeding in which plaintiff was appointed trustee of the bankrupt is pending in the United States District Court for the Western District of Virginia and is a voluntary proceeding. It was brought May 29, 1915, adjudication was had May 31, 1915, and plaintiff was appointed trustee June 11, 1915. The plaintiff and the bankrupt are citizens of Virginia, and the defendants are citizens of Kentucky and reside within this district.

The bill contains two paragraphs. The first alleges that the defendant Bryant on October 25, 1913, executed to Grant Mason a note for the sum of $600, payable 12 months after date, and bearing 6 per cent. interest, as part of the purchase price of certain real estate in Bell county, in this district, that day sold and conveyed to him by Mason; that Mason on November 13, 1913, assigned the note to the First State Bank of Pineville, Ky.; that the bank on December 17, 1914, assigned it to the bankrupt, and same came into plaintiff's possession upon his appointment as trustee as part of the estate of the bankrupt, no part of which had ever been paid; and that a few days before bringing the suit the defendant Bryant conveyed the real estate to the defendant Stanley. The plaintiff seeks therein a personal judgment against the defendant Bryant for the amount of the note and enforcement of the vendor's lien to secure same, retained in the deed by a sale of the real estate and application of its proceeds to the payment of the note.

The second paragraph alleges that on June 25, 1914, Lee Bowman executed to the bankrupt his nine notes for the sum of $76.50 each, amounting in the aggregate to the sum of $688.50, each payable in monthly installments, one after the other, the first installment June 15, 1914, and the last June 15, 1923, and bearing 6 per cent. interest, and at the same time executed a mortgage on certain real estate in Bell county to secure their payment; that the first eight installments due on the first note were paid to the bankrupt, and this note subject to these payments, and the other eight notes upon plaintiff's appointment, also came into his possession as part of the estate of the bankrupt; that on June 17, 1915, a special master of the circuit court of Bell county, acting under a judgment of that court entered June 1,

1915, in an ordinary action brought April 26, 1915, by L. E. Loder against the bankrupt attempted to sell these notes at public auction and at the sale the defendant Bryant became the purchaser thereof; that he was claiming to be the owner of the notes by virtue thereof and Bowman, the obligor, because of such claim was refusing to make any further payment on them to plaintiff; and that plaintiff was not a party to the action, and the bankrupt, though a party, was not before the court therein, either by service of process, actual or constructive, or by appearance. The plaintiff seeks therein to obtain a decree that the defendant Bryant does not own these notes and that plaintiff is the owner thereof.

Pending the motion plaintiff tenders an amended bill, in which he alleges that the ordinary action referred to in the second paragraph of the bill was a consolidation of seven of such actions brought by creditors of the bankrupt against it; that in each of these actions, when brought, an attachment was sued out against the bankrupt, which was thereupon levied upon the $600 note of the defendant Bryant and the $688.50 Bowman notes, by summoning Bowman and Bryant to answer as garnishees therein; that the appearance of the bankrupt to the consolidated action was attempted to be entered on June 1, 1915, by its former president, who had resigned his position as such on May 1, 1915, and who then had no authority to act for the bankrupt; that the judgment of June 1, 1915, decreed the sale of both the Bryant $600 note and the Bowman $688.50 notes in furtherance of the attachment; that at the sale the defendant Bryant purchased his own note, as well as the Bowman notes, the purchase price thereof being $224 and for the Bowman notes $206; that all the notes were worth what they called for; and that after the bringing of this suit the defendant Bryant paid the purchase price of the notes to his attorney, who was also the attorney for the plaintiff in the consolidated action, to hold for the special master.

The plaintiff seeks therein for judgment and decree as prayed for in the original bill and any other relief which it may appear that he is entitled to. He claims therein that the effect of the proceedings in the Bell circuit court was to give to the plaintiffs in the consolidated actions a preference, and that, therefore, this court has jurisdiction to grant him relief under sections 23b, 60b, and 67e of the Bankrupt Act (Comp. St. 1913, §§ 9607, 9644, 9651).

[1-4] The right of the plaintiff to relief at the hands of this court is not aided by the claim that by reason of those proceedings a preference was given to the plaintiff in the consolidated actions. If this claim were sound, the only relief to which plaintiff would be entitled would be to recover the proceeds of the sale in those proceedings, which is all that it is possible to say that the plaintiffs thereby obtained, and they are not defendants herein, and no relief is sought against them. But the claim is not sound. The bankrupt has made no transfer of those notes, and it did not suffer or procure the judgment made in those proceedings to be made. That judgment is void, not only because neither the plaintiff nor the bankrupt were before the court when it was rendered, but because, further, if the bankrupt was insolvent

when those consolidated actions were brought, which would seem to be the case, though perhaps it is not distinctly alleged, the attachments sued out therein were rendered null and void by the bankruptcy proceedings under section 67f of the Bankruptcy Act. It is therefore essential to rest the court's jurisdiction on some other ground than this, if it is to be maintained.

And it would seem to be clear that the court has no jurisdiction of the case presented by the first paragraph of the bill or to grant the relief therein sought. What it presents is a suit to recover the amount due the bankrupt's estate on the $600 note of the defendant Bryant through a personal judgment against him and a decree enforcing the vendor's lien to secure same. Such a suit does not come within section 23b of the Bankrupt Act, where grant of jurisdiction is to be found, if it exists anywhere. It could not have been brought by the bankrupt, if proceedings in bankruptcy had not been instituted, for, though the requisite diversity of citizenship existed, the amount in controversy between the parties was not sufficient. The defendant has not consented to the jurisdiction, and, if it had, his consent would have been of no avail. Lovell v. Newman, 227 U. S. 412, 426, 33 Sup. Ct. 375, 57 L. Ed. 577. And the suit does not come within any of the exceptions contained in the section as it stands since the 1910 amendment.

That this court has no jurisdiction of plenary suit by the trustee in bankruptcy against an adverse claimant, save as provided in section 23b was determined by the Supreme Court in the cases of Bardes v. Hawarden Bank, 178 U. S. 524, 20 Sup. Ct. 1000, 44 L. Ed. 1175, Mitchell v. McClure, 178 U. S. 539, 20 Sup. Ct. 1000, 44 L. Ed. 1182, and Hicks v. Knost, 178 U. S. 541, 20 Sup. Ct. 1006, 44 L. Ed. 1183, which arose before any of the amendments to that section. That a debtor is regarded as an adverse claimant is evidenced by the answer which the Supreme Court gave to the first of the three questions answered in the Bardes Case. That answer was:

"The provisions of the second clause of section 23 of the Bankrupt Act of 1898 control and limit the jurisdiction of all courts, including the several District Courts of the United States, over suits brought by trustees in bankruptcy to recover or collect debts due from third parties, or to set aside transfers of property to third parties, alleged to be fraudulent as against creditors, including payments in money or property to preferred creditors."

The suit involved in the case of Bush v. Elliott, 202 U. S. 477, 26 Sup. Ct. 668, 50 L. Ed. 1114, was one to collect a debt due the bankrupt estate. Jurisdiction of the suit by the United States Circuit Court in which it was brought was upheld, because, if bankruptcy proceedings had not been instituted, it might have been brought there by the bankrupt, in that the requisite diversity of citizenship existed between him and the defendant and the amount in controversy was sufficient. Mr. Justice Day said:

"The suit concerns the right to recover a money debt which is property (Pirie v. Chicago Title & Guarantee Co., 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171) and, in the sense of the law, is with an adverse claimant 'concerning property acquired or claimed by the trustee' and is a controversy of which

the Circuit Court had jurisdiction, as between the bankrupt and the claimant, but for the bankruptcy proceedings."

That the jurisdiction of a plenary suit by a trustee to recover a debt due from the bankrupt's estate as it stood before the amendments of 1903 and 1910 (Act Feb. 5, 1903, c. 487, 32 Stat. 797; Act June 25, 1910, c. 412, 36 Stat. 838) has been unaffected by those amendments has been determined in the case of Harris v. First National Bank, 216 U. S. 382, 30 Sup. Ct. 296, 54 L. Ed. 528, and recognized in the case of Lovell v. Newman, supra. I so held in the case of In re Ballou (D. C.) 215 Fed. 810.

[5] But plaintiff does not undertake to rest jurisdiction of the first paragraph of the bill on section 23b. He rests it on section 2 (20), by which it is provided that courts of bankruptcy are invested with such jurisdiction at law and in equity as will enable them to—

"exercise ancillary jurisdiction over persons or property within their respective territorial limits in aid of a receiver or trustee appointed in any bankruptcy proceedings pending in any other court of bankruptcy."

As the first paragraph is a suit by the trustee appointed in bankruptcy proceeding pending in Virginia to collect a debt due the bankrupt from a debtor in this district, he claims it is authorized by this provision. This subdivision was added by the amendment of 1910. It has been held that it is but declaratory of the law as it existed before its enactment. Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; In re Elkus, 216 U. S. 115, 30 Sup. Ct. 377, 54 L. Ed. 407; Lazarus v. Prentice, 234 U. S. 263, 34 Sup. Ct. 851, 58 L. Ed. 1305. The ancillary jurisdiction exercised and upheld in these cases was by a summary proceeding, and the right to exercise it was limited to cases where the bankruptcy court of original jurisdiction could have acted summarily if the persons or property affected thereby was within its territorial jurisdiction. In Babbitt v. Dutcher, Mr. Chief Justice Fuller, said:

"The precise question before us on the present appeal is whether in a case in which the original court of bankruptcy could act summarily, another court of bankruptcy, sitting in another district, can do so in aid of the court of original jurisdiction."

### And in Lazarus v. Prentice, Mr. Justice Day said:

"Prior to the amendment of June 25, 1910, * * * this court had held that in cases where the bankruptcy court of original jurisdiction could itself make a summary order for the delivery of property to the trustee or receiver the court of ancillary jurisdiction could do so (Babbitt v. Dutcher, 216 U. S. 102, 30 Sup. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969), and by clause 20, added to section 2 by the amendment of June 25, 1910, the bankruptcy courts were specifically given ancillary jurisdiction over persons or property within their respective territorial limits in aid of a trustee or receiver appointed by any court of bankruptcy."

Here the relief sought is not by summary proceedings. It is sought by a plenary or independent suit. This is the only way in which it is obtainable in any court. It is not obtainable anywhere by proceedings of a summary character. Furthermore, if the District Court of the Western District of Virginia, in which the bankruptcy proceeding in

which plaintiff was appointed trustee is pending, had territorial jurisdiction of this suit it would not have had ancillary jurisdiction thereof in aid of plaintiff appointed trustee in the bankruptcy proceeding pending therein. And what amounts to the same thing, if the bankruptcy proceeding were pending here, this court would not have ancillary jurisdiction of this suit in aid of plaintiff appointed trustee in that proceeding. This being so, it is not open to claim that this court has ancillary jurisdiction of this suit in aid of the plaintiff appointed trustee in the bankruptcy proceeding pending in the Western district of Virginia. The ancillary jurisdiction intended to be conferred by subdivision 20 of section 2, and which existed before its enactment, can only have been such as the court of original jurisdiction would have had if. it had had territorial jurisdiction, or such as the court appealed to would have had if the bankruptcy proceeding were pending therein.

According to this view of the matter the ancillary jurisdiction so conferred of proceedings of a summary character is limited to cases in which the court in which the bankruptcy proceeding is pending could act summarily, if it had territorial jurisdiction and of plenary or independent suits to such as come within section 23b. Under the act of 1867 (Act March 2, 1867, c. 176, 14 Stat. 517), in the case of Lathrop v. Drake, 91 U. S. 516, 23 L. Ed. 414, Mr. Justice Bradley said:

"Proceedings ancillary to and in aid of the proceeding in bankruptcy may be necessary in other districts where the principal courts cannot exercise jurisdiction; and it may be necessary for the assignee to ·institute suits in other districts for the recovery of assets of the bankrupt. That the courts of such other districts may exercise such jurisdiction in such cases would seem to be the necessary result of the general jurisdiction conferred upon them, and is in harmony with the scope and design of the act."

But under the act of 1867 the "principal courts" had essential jurisdiction of all suits by assignees in bankruptcy for the recovery of assets of the bankrupt, and in no case was ancillary jurisdiction for the recovery of such assets exercised by the federal courts of other districts, save where the principal courts would have had such jurisdiction if they had had territorial jurisdiction.

In the case of Knauth, Nachod & Kuhne v. Latham & Co., 219 Fed. 721, 135 C. C. A. 419, suit was brought by the trustee appointed in a bankruptcy proceeding pending in the Northern district of Alabama in the Southern district thereof to set aside a preferential transfer. This was a plenary suit against an adverse claimant. It was, however, an ancillary suit; i. e., in aid of the trustee and of the bankruptcy proceeding pending in the other district. But it came within section 23b. Judge Maxey said therein:

"The adjudication of bankruptcy·in the latter court brought the property of the bankrupts, wherever situated, into custodia legis, and that court thus acquired the full right to administer the estate."

And it was held therein, under the decision in the case of Lazarus v. Prentice, supra, that a third claimant of the property sought to be recovered had no right to intervene. It may be questioned whether the property there involved was in custodia legis, as it was in the posses-

sion of an adverse claimant, and possibly the doctrine of the case of Lazarus v. Prentice, where the ancillary jurisdiction exercised was of a summary character, does not apply where it is by a plenary or independent suit.

The case of Breit v. Moore, 220 Fed. 97, 135 C. C. A. 573, cited and relied on by plaintiff, was a plenary suit brought by the trustee. The amount in controversy was $250, and there seems to have been no diversity of citizenship. It may be said that it was an ancillary suit, but it was brought in the court where the bankruptcy proceeding was pending, and was to set aside a preferential transfer. It thus came within section 23b as amended, and the right to maintain it should be based thereon, rather than on the cases of Bardes v. Bank and Hicks v. Knost, on which it was based.

[6] So it is that I reach the conclusion that this court is without jurisdiction to grant plaintiff the relief sought in the first paragraph of his bill. How, then, is it as to the relief sought in the second paragraph? Under its allegations plaintiff is in possession of the Bowman notes, and the defendant Bryant is asserting an unfounded claim thereto. Because of this claim Bowman is refusing to pay him according to the terms of his notes; and by reason thereof, further, plaintiff no doubt is unable to sell them advantageously, which, practically, owing to the long time they have to run, is the only way in which they can be handled to the advantage of the estate. The relief sought by this paragraph of the bill is a removal of the cloud on plaintiff's title to these notes growing out of the claim of defendant. It presents the question whether plaintiff was entitled to have proceeded summarily against such defendant to have him enjoined from asserting his claim, and, if so, also to proceed by plenary suit to obtain the same relief. If such relief can be made the subject of summary proceedings, then the court in which the bankruptcy proceeding is pending would have been entitled to so proceed if the defendant Bryant had been within its territorial jurisdiction and, if so, this court has ancillary jurisdiction to proceed against him in like manner, as he is within its territorial jurisdiction. The question, then, comes to this: Can such relief be made the subject of a summary proceeding? It is well settled that delivery of possession of property of the bankrupt not held by an adverse claimant, and hence in custodia legis, to the trustee, can be enforced by summary proceeding. White v. Schloerb, 178 U. S. 542, 20 Sup. Ct. 1007, 44 L. Ed. 1183; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; Mueller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405; Babbitt v. Dutcher, supra; Lazarus v. Prentice, supra. It would seem to follow from this that, in case the trustee has possession of such property, his possession thereof can be protected from physical invasion by such proceedings. And, if so, no reason occurs to me why it cannot in like manner be protected from moral invasion as here; e. g., from an unfounded claim of ownership, which prevents the trustee from handling the property of the bankrupt advantageously, and which may be said to amount potentially to a physical invasion. He can neither obtain payment of the notes from the debtor nor sell them to others for their real value.

If, then, plaintiff had proceeded summarily against the defendant Bryant as to these notes, I would have to uphold the proceeding. This he has not done. He has proceeded against him by plenary suit. But it was decided in the case of Whitney v. Wenman, 198 U. S. 539, 25 Sup. Ct. 778, 49 L. Ed. 1157, that where the court has the right to act summarily in such cases as we have here it has the right to act by a plenary suit. Mr. Justice Day there said:

> "Nor can we perceive that it makes any difference that the jurisdiction is not sought to be asserted in a summary proceeding, but resort is had to an action in the nature of a plenary suit, wherein the parties can be fully heard after the due course of equitable procedure."

This court, therefore, has jurisdiction of the cause of action presented by the second paragraph of the bill. And, as the motion to dismiss for want of jurisdiction goes to the whole bill, it will have to be overruled. The motion to file the amended bill is overruled also. It proceeds on the wrong theory of plaintiff's right to relief. It appears from the amended bill tendered that the defendant Bryant is claiming his own note, as well the Bryant notes, under his purchase at the judicial sale in the state court. No reason is perceived why plaintiff should not be entitled to the same relief against him as to this claim as to his claim to the Bowman notes.

Leave is granted plaintiff to file an amended bill, seeking relief as to this note also. It should set up the proceeding in the state court fully, as is done in the amended bill tendered, and seek specifically an injunction against defendant's claim.