## TRICE v. AMERICAN TRUST & SAVINGS BANK OF EL PASO. (No. 1572.)

(Court of Civil Appeals of Texas. El Paso. March 6, 1924. Rehearing Denied March 27, 1924.)

**1. Chattel mortgages ⚷188(2)—On stock of goods exposed for sale held not invalidated as between parties.**

Rev. St. art. 3970, making void mortgages on stocks of goods exposed to daily sale, where possession is retained by the mortgagor, is but a declaration of the common law, and does not render such mortgages void as between the parties.

**2. Bankruptcy ⚷303(1)—Trustee required to show that he had succeeded to right of creditor to attack validity of bankrupt's mortgage and sale thereunder.**

As Bankruptcy Act, § 70e (Comp. St. § 9654), merely vests the trustee with the same rights possessed by the creditors, it was necessary for a trustee in bankruptcy to show that he had succeeded to the right of some creditor or creditors, entitled under Rev. St. arts. 3970, 3971, to attack the validity of a mortgage given by the bankrupt and a subsequent sale thereunder.

**3. Chattel mortgages ⚷198—Validity can be questioned only by creditors existing on date of surrender of possession by mortgagor.**

Where mortgaged automobiles were voluntarily surrendered by mortgagors to mortgagees on a certain date, removed and segregated, only creditors existing upon that date could question the validity of the mortgage and subsequent sale thereunder.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Joseph F. Trice, trustee of the bankrupt estate of Harry W. Lester and Roy A. Lester, against the American Trust & Savings Bank of El Paso. Judgment for defendant, and plaintiff appeals. Affirmed.

Chas. Kroeckel, and McKenzie & Loose, all of El Paso, for appellant.

Croom, Goldstein & Croom, of El Paso, for appellee.

HIGGINS, J. This suit was brought by J. F. Trice, as the trustee in bankruptcy of the estate of Lester and Lester, copartners, doing business under the name of Lester Motor Company, against the American Trust & Savings Bank of El Paso, Tex., to recover the value of seven automobiles, and for cause of action alleged: That he was trustee in bankruptcy of the estate of Lester Motor Company, who were declared bankrupt on September 30, 1921; that August 16, 1921, they were engaged in the business of buying and selling new and used automobiles in El Paso, Tex.; that they owned the following described property (then follows description of the seven automobiles); that on August 16, 1921, defendant took possession of said automobiles and converted them to its own use; that they were assets of said motor company at the time they were adjudged bankrupt; that he made demand on defendant for possession, and it was refused.

Defendant answered, first, by general denial; second, that February 1, 1921, the motor company executed its chattel mortgage in favor of defendant on said automobiles, specifically describing each of them by name of make, model, serial number, and engine number, being same automobiles described in plaintiff's petition, to secure the payment of a promissory note for $6,000, renewed and made payable June 1, 1921; that the motor company failed to pay the note, and that August 16, 1921, it demanded possession, and the motor company delivered same to it under the terms of the mortgage, and defendant thereafter duly advertised and sold them under the terms and conditions of the mortgage.

Appellant by supplemental petition pleaded a general demurrer and general denial to the appellee's amended answer, and alleged that the chattel mortgage was executed by the bankrupts who were owners of the automobiles as a stock of goods, wares, and merchandise daily exposed to sale in parcels in the regular course of their said business of buying and selling automobiles, and that both parties thereto contemplated a continuance of the possession of said automobiles and the control thereof and of the business of the bankrupts by the sale of said automobiles by said bankrupts, in violation of article 3970 of the Revised Statutes of Texas, and the mortgage was therefore void; that thereafter said automobiles were in fact daily exposed to sale in parcels by said bankrupts in the regular course of their business, with the knowledge and consent of the appellee, etc.

The defendant by supplemental answer expressly denied that the automobiles were exposed to sale in parcels in the regular course of business, but that it was expressly agreed between them that no sale could be made except with the express authority from defendant in each particular sale, and that the total proceeds be turned over direct to the defendant upon the consummation of each sale.

Tried to a jury and submitted by two special issues, and the jury found: That it was understood between the parties that no mortgaged automobile should be sold without first getting permission from the bank to make the sale, and that the value of them was $4,000, and upon which judgment was entered for defendant.

The trial court made the following findings of fact, and incorporated them in its decree:

"First. That on and prior to February 1, 1921, and continuously thereafter up to on or

about September 30, 1921, Harry W. Lester and Roy A. Lester were copartners engaged in the business of buying and selling at retail new and used automobiles at 501 Montana street in El Paso, El Paso county, Tex., under the firm name of Lester Motor Company.

"Second. That said Harry W. Lester and Roy A. Lester as individuals and as copartners were on the 30th day of September A. D. 1921, duly adjudicated bankrupts in the United States District Court in and for the Western District of Texas, El Paso Division thereof, in El Paso, El Paso county, Tex., and that on the 17th day of October, 1921, the plaintiff, Joseph F. Trice, was duly elected trustee of the bankrupt estate of said Harry W. Lester and Roy A. Lester individually and as copartners as aforesaid, and was on said date and is now the duly elected, qualified and acting trustee in bankruptcy of the estate of said Harry W. Lester and Roy A. Lester, individually and as copartners as aforesaid.

"Third. That the defendant, American Trust & Savings Bank, is a banking corporation, doing a general banking business under the laws of the state of Texas, with its office and principal place of business in El Paso, El Paso county, Tex. That James A. Borders is its president, and R. V. Hoover is its cashier.

"Fourth. That on February 1, 1921, Roy A. Lester, for the copartnership firm of Lester Motor Company, executed and delivered a chattel mortgage to the defendant, American Trust & Savings Bank, upon the automobiles described in plaintiff's original petition, for the purpose of securing a pre-existing debt evidenced by a note in the sum of $6,000, then and there renewed, made payable June 1, 1923, and that the said defendant, American Trust & Savings Bank, registered said chattel mortgage with the county clerk of El Paso county, Tex., on February 2, 1921.

"Fifth. That the automobiles described in plaintiff's original petition and in said chattel mortgage at the time said chattel mortgage was executed, and continuously thereafterwards until on or about the 16th day of August, 1921, were the property of Harry W. Lester and Roy A. Lester, copartners as aforesaid, and were located at 501 Montana street in El Paso county, Tex., in the show and sales rooms of said copartners, and constituted the major portion of the stock of goods, wares, and merchandise of said copartners; and that said defendant, American Trust & Savings Bank, and said Harry W. Lester and Roy A. Lester as copartners, at the time said chattel mortgage was executed, contemplated the continuance of the possession of said automobiles and the control of said business by sale of said automobiles by said Harry W. Lester and Roy A. Lester, copartners, and that, after said chattel mortgage was executed, said automobiles were daily exposed to sale in parcels in the regular course of the business of such merchandise, as was contemplated by the parties at the time said chattel mortgage was executed.

"Sixth. That the automobiles described in plaintiff's original petition and in said chattel mortgage were all of the automobiles owned by said Harry W. Lester and Roy A. Lester that were not mortgaged to parties other than the American Trust & Savings Bank.

"Seventh. That on or about the 16th day of August, 1921, James A. Borders, president of the American Trust & Savings Bank of El Paso, Tex., defendant, acting for said defendant as its president, made demand upon Harry W. Lester and Roy A. Lester, copartners as aforesaid, for the possession of said automobiles under the terms of said chattel mortgage, and that pursuant to said demand the said copartners voluntarily surrendered said automobiles to said defendant, American Trust & Savings Bank of El Paso, Tex., as mortgagee, pursuant to the terms and conditions of said chattel mortgage.

"Eighth. That on or about August 29, 1921, the defendant, American Trust & Savings Bank, advertised said automobiles for sale pursuant to the terms and conditions of said chattel mortgage, and on the 10th day of September, 1921, offered said automobiles for sale to the highest bidder at public auction at 613 North Campbell street, in El Paso county, Tex., and that all of said automobiles were bought at said public auction by the American Trust & Savings Bank except one Maxwell automobile, 1920 model, serial No. 317762, engine No. 321410, and one Hupmobile automobile, 1918 model, serial No. 53243, engine No. 53186.

"Ninth. That said defendant, American Trust & Savings Bank of El Paso, Tex., had five of said automobiles in its possession on September 30, 1921, the date upon which said copartners were adjudicated bankrupts."

### Opinion.

Appellant presents numerous assignments and propositions which will not be discussed in detail for the reason that in their final analysis they resolve themselves into the following contentions:

First. That the mortgage given by the Lester Motor Company was contrary to article 3970, R. S., and the application of such statute was not affected by the collateral secret agreement between the parties that no automobile should be sold without the previous consent of the mortgagee; that under the statute the mortgage was fraudulent and void, and, being a nullity, the action of the mortgagee in taking possession and selling the property constituted a conversion. This proposition proceeds upon the theory that appellee became liable to the trustee upon an unlawful conversion of the property of the bankrupts prior to the adjudication.

Second. That under subdivision (e), § 70, of the Bankruptcy Law (U. S. Comp. St. § 9654), the trustee has succeeded to all the rights of creditors, and that creditors have a cause of action under both articles 3970 and 3971, R. S.

It is contended by the appellee that automobiles do not constitute a stock of goods, wares, and merchandise within the meaning of article 3970, and further that the collateral agreement between the parties removed the mortgage from its application. Under the view we have of the case it becomes unnecessary to rule upon this contention of appellee, and for the purpose of this opinion it will be assumed that, so far as the rights of

creditors are concerned, the transaction was fraudulent and void under the statute.·

[1] Article 3970 is but the declaration of a rule of the common law (Bettes v. Weir Plow Co., 84 Tex. 543, 19 S. W. 705), and the mortgage as between the Lester Motor Company and appellee was valid. Peiser v. Peticolas, 50 Tex. 638, 32 Am. Rep. 621; Parker v. Bank (Tex. Civ. App.) 27 S. W. 1071; Clark & Boice Lbr. Co. v. Bank (Tex. Civ. App.) 200 S. W. 197 (writ refused); Bowen v. Wagon Works, 91 Tex. 385, 43 S. W. 872; Denman v. James (Tex. Civ. App.) 180 S. W. 1157; Bank v. Trabue (Tex. Civ. App.) 150 S. W. 209.

The record shows that the mortgaged automobiles were voluntarily surrendered by the mortgagors to the mortgagee on August 16, 1921, segregated from the rest of the stock, and thereafter sold on September 10, 1921, in accordance with the terms of the mortgage.

The case pleaded was that of a conversion unlawful and wrongful as against the mortgagors, but, since the mortgage and subsequent sale thereunder was valid as between the parties thereto, no unlawful conversion against the mortgagors is shown. Hence the trustee has succeeded to no right in that connection, for which reason appellant's first contention must be overruled.

[2, 3] Passing now to the second contention, the effect of subdivision (e), § 70, of the Bankruptcy Law, "is merely to vest the trustee with the same rights possessed by the creditors; it does not clothe him with any new or additional right in the premises over those possessed by the creditor, and he is subject to the same limitations and disabilities which would have beset the creditor in the prosecution of the action on his own behalf; and the rights of the parties are to be determined, not by any provisions of the Bankruptcy Act, but by the applicable principles of the common law or the laws of the state in which the right of action may arise."

See Black on Bankruptcy (3d Ed.) § 445; Stellwagen v. Clum, 245 U. S. 605, 38 Sup. Ct. 215, 62 L. Ed. 511; Coleman v. Hagey 252 Mo. 102, 158 S. W. 829; Halbert v. Pranke, 91 Minn. 204, 97 N. W. 976.

It was therefore necessary for the appellant by plea and proof to show that he had succeeded to the right of some creditor or creditors entitled either under article 3970 or article 3971, R. S., to attack the validity of the mortgage and the subsequent sale thereunder. See·the two cases last above cited. The record discloses that the automobiles were voluntarily surrendered by the mortgagors to the mortgagee on August 16, 1921, removed and segregated. Only creditors existing upon that date could question the validity of the mortgage and the subsequent sale thereunder. A creditor whose right accrued subsequent to that date cannot complain. Kramer v. Martin (Tex. Civ. App.) 184 S. W. 511.

In this connection it may be well to note that the record is silent as to whether the Lester Motor Company was adjudged a bankrupt upon a voluntary or involuntary petition. It may have been so adjudged upon a voluntary petition filed immediately preceding the adjudication on September 30th. It may be that the trustee has succeeded only to the rights of creditors whose claims originated subsequent to August 16th, the date the property was surrendered to appellee and segregated, or subsequent even to the date of sale on September 10th.

Neither the pleadings nor the evidence show a right of action upon either of those dates arising under articles 3970 and 3971, R. S., in favor of a creditor, and hence the trustee is vested with no right in that connection under subdivision (e), § 70, of the Bankruptcy Law.

Upon the record presented herein, the appellant has shown no right of recovery unless it can be held that the mortgage was an absolute nullity, even as between the parties thereto, and this, in our opinion, is untenable.

For the reason indicated, the judgment is affirmed.