## COMPTON v. THREE RIVERS GLASS CO.
### No. 1130.

Court of Civil Appeals of Texas. Waco.
Oct. 29, 1931.

Rehearing Denied Nov. 19, 1931.

W. B. Handley and C. J. Shaeffer, both of Dallas, for plaintiff in error.

Renfro, Ledbetter & McCombs, of Dallas, for defendant in error.

BARCUS, J.

The material facts in this suit are without contradiction. The Keen-Kola Manufacturing Company, a corporation, was engaged in the wholesale manufacture and sale of bottled drinks. It manufactured the drinks and sold them to their respective customers in cases, the purchaser depositing a certain amount to insure the return of the empty bottles and cases. It purchased from defendant in error, Three Rivers Glass Company, a large number of bottles on which was stamped either the word "keen" or "winner." On March 8, 1929, defendant in error shipped to the Keen-Kola Manufacturing Company a large number of bottles for which it drew two trade acceptances, one of $1,039.30, payable May 1st, and one for $1,055.65, payable June 1, 1929, which retained a specific lien on the bottles sold to secure the payment thereof, and which orders were accepted by the Keen-Kola Manufacturing Company. Said trade acceptances were never paid. On May 20, 1929, the Keen-Kola Manufacturing Company executed a mortgage to defendant in error on five hundred gross Winner 6 ounce soda bottles and three thousand 10 ounce Keen bottles, to secure the payment of a note for $2,094.95, dated May 1, 1929, which note represented the amount due at said time on the two trade acceptances above set forth. When the mortgage was given, the Keen-Kola Manufacturing Company was insolvent, but had not ceased to do business and was still a going concern, and defendant in error did not, at said time, know it was insolvent. On May 24th, the Keen-Kola Manufacturing Company filed its voluntary petition in bankruptcy, and D. G. McFadden was appointed trustee. The schedule of liabilities filed by the Keen-Kola Manufacturing Company listed the note due defendant in error, and stated that it was secured by a mortgage on all Keen-Kola Manufacturing Company's bottles. The trustee in bankruptcy, under orders of the referee in bankruptcy, sold all of the property belonging to the Keen-Kola Manufacturing Company, including said bottles, to plaintiff in error for $3,100, "subject to all liens and other encumbrances thereon, except taxes and wage claims." At the time plaintiff in error purchased said property, he had actual notice

that defendant in error was claiming a mortgage on the bottles, and knew that it had been listed as a secured creditor of Keen-Kola Manufacturing Company. Defendant in error did not file its claim with the referee in bankruptcy, but, after the property was sold, instituted this suit against plaintiff in error seeking to establish its debt and foreclose its mortgage lien on the property described in the mortgage. The cause was tried to the court and resulted in judgment being entered, fixing the amount of defendant in error's debt, and foreclosing its mortgage lien on the property described in the mortgage and ordering it sold, and directing that the proceeds be applied first to the payment of said debt, and any balance to be paid to plaintiff in error.

Plaintiff in error contends that the description of the property as given in the mortgage is too indefinite to authorize the court to enter a judgment foreclosing said mortgage lien. We overrule this contention. As to what bottles and the number thereof, the officer executing the order of sale can find or identify, is not before us. The judgment of the trial court simply foreclosed the lien on the property as described in the mortgage. It did not attempt to enlarge upon said description.

Plaintiff in error further contends that the attempted mortgage given by Keen-Kola Manufacturing Company to defendant in error was an attempted preference, and therefore void under section 60 of the Bankruptcy Act (11 USCA § 96). Said section provides that, where a preference has been given, the trustee in bankruptcy may, for the benefit of the creditors, set aside the fraudulent sale or mortgage and recover the goods for the benefit of all the creditors. The courts uniformly hold that this remedy is given exclusively to the trustee, and that he cannot assign, sell, or transfer that right. Collier on Bankruptcy (13th Ed.) p. 1318; Belding-Hall Mfg. Co. v. Mercer Lumber Co. (C. C. A.) 175 F. 335. Plaintiff in error could not, therefore, maintain a suit to set aside the mortgage by reason of same being a preference. Further, since plaintiff in error purchased the property subject to all outstanding liens, he cannot question the validity of defendant in error's lien by reason of same being an attempted preference.

Plaintiff in error further contends that since the Keen-Kola Manufacturing Company at the time it executed the mortgage was insolvent, the mortgage is void on the theory that all of the assets of a corporation, when it becomes insolvent, become a trust fund to be handled by the directors thereof for the benefit of all the creditors. We overrule this contention. The rule seems to be well established that, until a corporation becomes both insolvent and ceases to do business, its officers can mortgage or convey any portion thereof to pay or secure corporate debts. Trice v. American Trust & Savings Bank (Tex. Civ. App.) 259 S. W. 993 (error ref.); American National Bank of Dallas v. Dallas Tinware Manufacturing Co., 15 Tex. Civ. App. 631, 39 S. W. 955 (error ref.), and authorities there cited. In this case, it is shown without controversy that the corporation, at the time it executed the mortgage, was conducting its business in its usual way.

Plaintiff in error further contends that the mortgage was void under and by virtue of article 4000 of the Revised Statutes, which provides that a mortgage on a stock of goods, wares, or merchandise, daily exposed for sale, shall be deemed fraudulent and void; his contention being that the bottles on which defendant in error took its mortgage came within the purview of said statute. Our courts uniformly hold that, as between the mortgagee and mortgagor, a mortgage given on a stock of goods is valid. Trice v. American Trust & Savings Bank (Tex. Civ. App.) 259 S. W. 993, and authorities there cited. Further, under the facts as found by the trial court, and which are abundantly supported by the evidence, the bottles did not constitute a stock of goods or merchandise daily exposed to sale. The Keen-Kola Manufacturing Company was not engaged in the business of selling bottles; its business was the manufacture and sale of bottled drinks. It required its customers to make a deposit to guarantee the return of the empty bottles. It did not, within the contemplation of law, sell the bottles to its respective customers, but its relationship to its various customers was, in so far as the bottles were concerned, simply that of bailor and bailee.

We have examined each of plaintiff in error's assignments of error, same are overruled, and the judgment of the trial court is affirmed.