### PHILLIPS v. WALKER–CRAIG CO.

#### No. 9857.

Court of Civil Appeals of Texas. San Antonio.

May 6, 1936.

R. A. Dunkelberg, of Brownsville, and Montgomery & Bowie, of San Benito, for appellant.

Abney & Whitelaw, of Brownsville, for appellee.

SMITH, Chief Justice.

Rio Grande Hardware & Machinery Company was indebted to Walker-Craig Company in the sum of $979.35, evidenced by the debtor's promissory note, and on September 22, 1932, in pursuance of prior negotiations, discharged the debt by selling certain articles of that value, out of its San Benito store, to Walker-Craig Company, which marked the note "Paid" and surrendered it, canceled, to the debtor in its principal office in Harlingen. The sale of the goods to Walker-Craig Company was evidenced by a charge slip in the San Benito store, where it remained as an account receivable, notwithstanding its discharge by the cancellation of the note.

On September 29, 1932, the Hardware & Machinery Company was placed in involuntary bankruptcy, and afterwards adjudged bankrupt, and its affairs were duly taken over by a trustee in bankruptcy.

On November 10, 1932, the trustee sold to Frank T. Phillips, appellant herein, the stock of goods in the bankrupt's store in San Benito, together with the accounts receivable belonging to the bankrupt in connection with that store, including the account against Walker-Craig Company, which in fact had been settled by cancellation of the bankrupt's note for a like amount. The trustee in bankruptcy ratified, or at least did not question or move to avoid, the transaction between the bankrupt and Walker-Craig Compay, which, occurring within four months of the filing of the petition in bankruptcy, constituted a preference which, under the law, could

have been set aside at the instance of the trustee. Bankr.Act §§ 57, 60, as amended in 1926, U.S.C.A. title 11, §§ 93, 96. On the contrary, the trustee, in the exercise of a discretion reposed in him by the statute, "closed up the estate" of the bankrupt "as expeditiously as is compatible with the best interests of the parties in interest" (section 47, U,S.C.A. title 11, § 75), by disposing of the estate without disturbing the settlement previously made between the bankrupt and the creditor, Walker-Craig Company.

Subsequently, Phillips brought this action against appellee upon said account, notwithstanding the prior settlement thereof through the transaction culminating seven days before the institution of the bankruptcy proceeding. The trial court denied recovery to Phillips, who has appealed.

Phillips' contention is that the transaction in question constituted a preference, and that, by reason of his purchase of the account from the trustee, he acquired the right, reposed in the trustee by statute, to disregard the prior settlement between the bankrupt and appellee, which was voidable as a preference. That contention raises the principal question in this appeal, to wit: Can a trustee in bankruptcy assign to a purchaser of a bankrupt's assets his statutory right to avoid a preferential transfer of property? We are indebted to counsel for both parties for their able and succinct presentation of the question.

It will be assumed for the purpose of this decision, that the transaction constituted a preference, and was voidable at the instance of the trustee, although it seems to be conceded, as well, that no fraud was intended by the parties.

We are of the opinion, based upon the apparent great weight of authority, that the trustee only had authority, in the circumstances, to avoid the transaction upon the ground that it constituted a preference; that, by acquiescing in the transaction as for the best interest of the creditors at large, and closing out the estate without taking cognizance thereof or attempting to set it aside, the right to question it did not pass to the assignee of the estate, but was foreclosed by that assignment. We see no occasion to go into the processes by which the courts have settled the question, and will be content with a citation of those authorities. Collier on Bankruptcy, p. 1318; Belding-Hall Mfg. Co. v. Mercer & Ferdon Lumber Co. (C.C.A.) 175 F. 335; Lovell et al. v. Latham & Co. et al. (D.C.) 211 F. 374; Knauth, Nachod & Kuhne v. Latham & Co. (C.C.A.) 219 F. 721; Id., 242 U.S. 426, 37 S.Ct. 139, 61 L.Ed. 404; Balfour v. Wheeler (D.C.) 15 F. 229; Id. (C.C.) 18 F. 893; In re Metzger, Fed. Cas. No. 9,510; Parker v. Hand, 299 Ill. 420, 132 N.E. 467; Annis v. Butterfield, 99 Me. 181, 58 A. 898; Laurel Oil, etc., Co. v. Horne, 101 Miss. 629, 57 So. 624, 58 So. 652; Shesler v. Patton, 114 App. Div. 846, 100 N.Y.S. 286; Compton v. Three Rivers Glass Co. (Tex.Civ.App.) 43 S.W.(2d) 175 (writ refused).

It is further contended by appellee, and we hold, that the rule of caveat emptor applies in this case, since the appellant acquired only such rights in the account as the bankrupt itself had; it being conceded that the bankrupt could not recover had he himself brought the suit. 7 C.J. p. 242; 6 Tex.Jur. pp. 96, 97, §§ 71, 72.

Appellant was further cut off by the correlated rule that the claim of an assignee of a trustee in bankruptcy is subject to the same defenses that could have been urged against the same claim had it been prosecuted by the bankrupt. Fleming v. St. Louis S. W. Ry. Co. (Tex.Civ.App.) 13 S.W.(2d) 440.

The judgment is affirmed.