Benjamin Brenner, J.
Plaintiff, assignee of a chattel mortgage, moves for summary judgment in an action to foreclose same. The defendant purchased the chattels securing the mortgage at a trustee’s sale in bankruptcy proceedings, the sale being subject to certain liens, including the chattel mortgage in question.
*50 The defendant challenges the validity of said mortgage on the initial ground that said chattel mortgage was not issued in conformity with subdivision 1 of section 16 of the Stock Corporation Law because of the absence of the necessary consent of stockholders and the failure to properly file same. There is little question here that there was consent by a majority of the stockholders since an officer of a corporation, which was the sole stockholder in the mortgagor corporation, has submitted an affidavit attesting to that fact. And where, as here, consent has actually been given, the failure to file the certificate does not render the mortgage invalid (Black v. Ellis, 129 App. Div. 140) as the purpose of the filing is merely to perpetuate evidence thereof (Rochester Sav. Bank v. Aver ell, 96 N. Y. 467). The defendant contends, however, that the consent of the corporate stockholder is invalid since the stockholders of this corporate stockholder did not consent thereto, but it cites no case to support that contention, and I find no provision in the Stock Corporation Law to such effect.
In any case, subdivision 1 of section 16 of the Stock Corporation Law specifically exempts purchase-money mortgages from the requirement for the consent to its execution by two thirds of the stockholders and it is clear that the mortgage here involved is such purchase-money mortgage. Therefore, even if the consent and the filing of a certificate thereof are in question, I find that the mortgage is not thereby invalidated.
The second ground asserted by the defendant as a basis for invalidating the mortgage is that the mortgage was fraudulently made and executed and that, as the trustee’s transferee, it has the right to challenge its validity. Clearly, one who takes title from a fraudulent conveyor cannot assert the fraud since the fraudulent conveyor would be estopped from such an attack and the grantee receives no greater rights than those of the fraudulent conveyor. (Moseley v. Moseley, 15 N. Y. 334; Robertson v. Sayre, 134 N. Y. 97; Senica v. Neidhardt, 72 N. Y. S. 2d 387.)
The defendant, however, asserts that its title was derived not from the mortgagor but from the title of the trustee in bankruptcy from whom the purchase was made and that therefore it stands in the shoes of the trustee and has all rights which the trustee might have had. The Bankruptcy Act (U. S. Code, tit. 11, § 110, subd. [a]) provides that the trustee of the estate of a bankrupt is vested with the title to, among other things, all property transferred by the bankrupt in fraud of his creditors. Said section (subd. [e], par. [3]) provides that a trustee may bring plenary proceedings to set aside a fraudulent con *51 veyance. Additionally, under subdivision (e) of said section 110, the trustee is given the power to set aside fraudulent transfers or obligations voidable by creditors under State or Federal law. The defendant thus contends that these rights to set aside a fraudulent conveyance involve a question of fact which must be tried and, in support of this position, cites the case of Matter of Downing (192 F. 683, affd. 201 F. 93). There the creditors, prior to the bankruptcy, had sought to set aside the conveyance as fraudulent and the court specifically ordered that the trustee could convey his right to do so. But the special circumstances which obtained in the cited case are here lacking and it is also plain that both the court and the trustee there intended and authorized the transfer to include a suit by the transferee to set aside the mortgage. Thus, while it is true that the sale of the property subject to the chattel mortgage does not per se establish the validity of the chattel mortgage (Matter of Union Trust Co., 122 F. 937; Matter of Loveland, 155 F. 838), it is significant, in the case at bar, with regard to the intent of the trustee or the court, that there was no authorization to defendant to question it. On the contrary, the sale here was specifically made subject to this very chattel mortgage and nowhere in the terms thereof is there any indication of any other intent.
Furthermore, the Downing case (supra) does not appear to represent the majority view in this matter. In Webster v. Barnes Banking Co. (113 F. 2d 1003, 1005) the court stated: 1 ‘ The right * * * to set aside a conveyance made in fraud of creditors vests in the trustee for the benefit of the creditors and is not assignable. ’ ’ This is the view that has been expressed in other cases. (Belding-Hall Mfg. Co. v. Mercer & Ferdon Lbr. Co., 175 F. 335; Compton v. Three Rivers Glass Co., 43 S. W. 2d 175 [Texas]; Neuberger v. Felis, 203 Ala. 142; Parker v. Hand, 299 111. 420; Annis v. Butterfield, 99 Me. 181.) A leading commentator on the bankruptcy laws has also disagreed with the views expressed in the Downing case (4 Collier, Bankruptcy [14th ed.], par. 70.92, p. 1753 et seq.).
The defendant also cites the case of Schuch v. Northrup-Jones, Inc. (162 Cal. App. 2d 279) in support of its position. The question there was whether the trustee had passed title to certain chattels of the purchaser and not whether, as here, the purchaser had a right to set aside a fraudulent conveyance.
This defendant purchased the chattels subject to a lien of which it was fully aware and if it were permitted to rid itself thereof it is most unlikely that it would refund the resultant gain to the creditors who alone could question the lien. Thus it is my view that since the right to set aside a fraudulent con *52 "veyanee is intended to protect the rights of creditors, there would be little reason for a purchaser to acquire that right from the trustee, for such a successful suit instituted by it would result not in any benefit to the creditors but solely for its own benefit. This is hardly consistent with the avowed purpose of the bankruptcy laws, which is to protect creditors.
There are here no questions of fact which would require trial. Accordingly, the motion is granted and the Clerk shall enter judgment for plaintiff for the relief demanded in the complaint.