(39 App. Div. 563.)

### MILLS v. ROSS.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

1. RECEIVERS—RECOVERY OF MONEY IMPROPERLY PAID.
 Where a receiver improperly pays money to one not entitled thereto, the right of action for a recovery is in the receiver, and not in those entitled to the money.

2. COSTS—EXTRA ALLOWANCE.
 Where one entitled to a portion of a fund sues in his own behalf, and for those similarly situated who may elect to join him, but none join him, the extra allowance should be based on his interest in the fund, and not on the entire fund.

Appeal from special term, New York county.

Action by James Mills against Reuben W. Ross. From a judgment for defendant, and from an order granting an extra allowance, plaintiff appeals. Modified and affirmed.

The complaint prays judgment that the defendant be adjudged a trustee of a fund of $17,000, which was paid to him by the re-

ceiver of the Family Fund Society, and that he be required to distribute to the plaintiff and the other policy holders of said society their pro rata share of said fund. The plaintiff claims this fund, for himself and others similarly situated, under an agreement made on the 5th day of March, 1887, between the society and the superintendent of the insurance department. It is alleged that the company ceased to do business after October, 1891, and was subsequently dissolved by the judgment of the supreme court, and that one Francis V. S. Oliver was appointed its receiver. Oliver thereafter received this fund as such receiver, and in May, 1894, paid it over to the defendant under an order of the court. The defendant claimed the money as the assignee of certain death claims. It is alleged that he induced Oliver to present the petition to the court, which resulted in the order for payment, without giving the plaintiff or any of the persistent or living policy holders notice; and it is also alleged that, in a proceeding in the supreme court, it has been adjudged that this fund belonged to and should be distributed among the living policy holders. It is also alleged that the defendant purchased the death claims in question for account of the society, and with its moneys; and that he concealed these facts from the court and the attorney general, and also concealed the fact that claims to the fund had been presented by the living policy holders. The complaint proceeds upon the theory that the defendant was not entitled to these moneys, either in fact or in law, and that he obtained them from the receiver by concealing the real facts from the court which made the order for payment.

　　Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

　　Raphael J. Moses, for appellant.
　　Wm. J. Leitch, for respondent.

　　BARRETT, J. The demurrer, which was sustained, was to an amended complaint. The interlocutory judgment dismissed this amended complaint, with costs, but gave the plaintiff leave to again amend by including the receiver of the Family Fund Society as a party defendant, on payment of the costs of the demurrer within 20 days. The plaintiff did not avail himself of this privilege, and thereupon final judgment dismissing the complaint, with costs, and an extra allowance of $250, was granted. The appeal from this final judgment brings up for review the correctness of the interlocutory judgment, and of the order granting the extra allowance, as the latter is specified in the notice of appeal. Code Civ. Proc. § 1316. The learned judge assigned, as his main reason for sustaining the demurrer, that the receiver had not been made a party defendant. In his decision and judgment, however, he sustained the demurrer generally. We think he was right in the latter conclusion, though for a different reason from that assigned. The true ground upon which the demurrer should have been sustained is that the complaint does not state facts sufficient to constitute a cause of action. It would have been equally bad had the receiver been made a party defendant. The action proceeds upon

an inaccurate view of the status of the fund in question. The Family Fund Society was dissolved by the judgment of the supreme court, and Oliver was appointed its receiver. The fund was paid over to this receiver for administration under the direction of the court. He did not take or hold it as an ordinary trustee. He took and held it as an officer of the court. In his hands, it was in the hands of the law. If the receiver had administered it improperly, he is liable therefor. If the defendant was not entitled to the money, the receiver is liable to the parties who were entitled to it. We have already held that in making the payment the receiver was not protected by the permissive order which he obtained from the court, without notice to the persistent policy holders. People v. Family Fund Soc., 31 App. Div. 166, 52 N. Y. Supp. 867. The plaintiff's remedy, therefore, is to require the receiver in due course to account for the fund in question, and to compel that officer to pay him his proper proportion thereof. He has no right of action directly against the defendant. If the latter is liable, his liability is to the depleted estate. If he obtained the money from the receiver fraudulently or illegally, he can be required to restore it. Ultimately, however, the fund must be administered in the dissolution proceedings, and the plaintiff must look to the court's representative therein for his proper share thereof. If the receiver shall compel restoration by the defendant, the plaintiff will then receive his share of the fund, just as he would had it remained in that officer's hands throughout. If, however, the receiver fails to compel such restoration, he will be charged with the sum improperly paid out, and the plaintiff will then look to him personally, and to his bond, for satisfaction. The right of action to recover back the money paid to the defendant is vested solely in the receiver. It is not a case where a cestui que trust may maintain an action against the trustee and one who has defrauded the trust estate, upon an allegation that the trustee was a party to the fraud, or, though not such a party, has refused to bring the action. The trust estate, in that class of actions, is not in the hands of a representative of the court. Even there, the cestui que trust sues in the legal right of the trustee. Here, the legal right is in the receiver, and there can be no equity in a cestui que trust to support an independent action based upon the refusal of such officer to proceed. That would be equivalent to basing such an equity upon the indifference of the court to the cestui que trust's rights, and its willingness to compel just activity on the part of its representative. If, then, the fund was paid out fraudulently, the court will require its restoration. If paid out innocently, but without proper authority, to one who was not entitled to it, the court will also require restoration. In the latter case, the court will instruct the receiver to proceed against the payee; in the former, it may do likewise, or, if more appropriate, it may remove the receiver, and appoint some one in his place who will be more likely to act effectively. In no aspect of the situation, however, can there be an independent accounting with regard to this fund, outside of or apart from the accounting in the pending

dissolution proceeding. The defendant is liable either in that proceeding or in an action by the receiver appointed therein. He is thus liable, if at all, for the entire sum improperly paid to him; and that is his sole liability. When that liability has been enforced, he will have a right to present and prosecute his alleged claim thereto, the same as the plaintiff and all others similarly situated. He and they can harmoniously exercise that right upon the accounting to which he and they will be entitled,—to be had, where it properly belongs, in the pending dissolution proceeding. It follows that the plaintiff cannot maintain this action, and that the demurrer was properly sustained. We think, however, that the extra allowance of $250 should not have been granted. Nominally, the subject-matter of the action was the fund as to which the plaintiff prayed that the defendant be adjudged a trustee. What the plaintiff sought to recover, however, was his pro rata share of this fund, which, upon the undisputed proof, amounted to but $25.65. It is true that he brought this action on his own behalf, and on behalf of all others similarly situated who might elect to become parties thereto, and to contribute to the expense thereof. It appears, however, that no other person had so elected; and, consequently, when the allowance was granted, the plaintiff had complete control of the action, and could continue, compromise, abandon, or discontinue it at pleasure. Hirshfield v. Fitzgerald, 157 N. Y. 166, 51 N. E. 997. We think the allowance should, at that stage of the action, and under the circumstances then existing, have been limited to 5 per cent. of the plaintiff's real claim upon the fund. The judgment appealed from should be modified by reducing the allowance accordingly, and, as thus modified, affirmed, without costs of this appeal. All concur.