(44 Misc. Rep. 332.)

### WHIPPLE et al. v. WEBB et al.

(Supreme Court, Special Term, Saratoga County. July, 1904.)

1. HUSBAND AND WIFE—AGENCY—UNDISCLOSED PRINCIPAL.

A materialman furnished material for a house built on a lot owned by a married woman, on statements by her husband that the house was being built for sale. The husband ordered the materials, but did not state to whom they should be charged, and the wife directed alterations while the work was in progress. *Held*, that she was liable as an undisclosed principal for the value of the materials.

Appeal from Justice Court.

Action by Charles R. Whipple and others against Charles E. Webb and Jennie Webb. Judgment for plaintiff before a justice, and Jennie Webb appeals. Affirmed.

Charles F. King, for plaintiffs.
James H. Bain, for defendants.

JOHN M. KELLOGG, J. The appeal of Jennie Webb from the justice's court judgment is certified to this court. The evidence shows that upon two adjoining lots in the village of Glens Falls new houses were being erected, and that Charles E. Webb, the husband of the appellant, inquired of plaintiffs the cost of putting in certain plumbing and fixtures. The price was given at $81 for each house, and he told the plaintiffs to do the work, and it was done. The work for the corner house was paid for, and part of the work upon the other house. The judgment in this case represents the balance unpaid for the second house.

At the time of the negotiation with the plaintiffs, Webb stated that he was building the houses to sell. Shortly after the work was done, the appellant conveyed the second house, the title of which stood in her name. It does not appear who had the title to the lot upon which the first house was built. No direction was made to the plaintiffs as to whom the bill should be charged to, but they charged it to the appellant's husband.

Upon this appeal it is to be assumed that the justice found every fact and inference favorable to the plaintiffs which the evidence fairly justified. The plaintiffs had no information as to who was the owner of the property; neither of the defendants was sworn upon the trial. It does not appear that the appellant or her husband ever lived in this house, or that it was built for the purpose of a family residence. The justice had a right to find that it was being built for sale, and had the right to infer that it was being built by appellant for that purpose. The husband not having directed the charge to be made to him, it is fair to assume that the parties understood the work was for the owner. The appellant knew the work was going on, was around the houses while the plumbing was being put in, and made some directions as to alterations in the plumbing in the house in question. The only purpose of the building of this house being to improve the property and for the purposes of sale, the fair presumption is that the work was done at the request of the appellant, and that she was the undisclosed principal for whom the husband was acting. Cutter v. Morris, 116 N. Y. 310, 22 N. E. 451; Boynton v. Squires, 85 Hun, 128, 32 N. Y. Supp. 467.

This case differs materially from those relied upon by the appellant. In Zeigler v. Galvin, 45 Hun, 44, it was found as a fact that the husband contracted for the work, expected to pay for it, and that she did not expect or intend to pay for it, and was for improvements upon the family residence, which it was clearly the duty of the husband to make. Valentine v. Appelbee, 87 Hun, 1, 33 N. Y. Supp. 762, was a question of pleading, and it does not appear for what purpose the house was being erected. In Willson v. Underhill, 83 Hun, 233, 31 N. Y. Supp. 585, the husband carried on his farming business upon the wife's farm; he having the profits of it, and paying the expenses. Plaintiff had dealt with him for 20 years. It was held that the wife was not liable for goods sold and charged to him. In Snyder v. Sloane, 65 App. Div. 543, 72 N. Y. Supp. 981, it does not appear that the wife owned the

farm at all, and there was an error in the exclusion of evidence. In Jones v. Walker, 63 N. Y. 612, the repairs were upon the house in which the husband and wife resided. He maintained the family. It did not appear that she had any other property or business, or that she assumed to pay any expenses in respect to the premises, and that the husband treated the property as his own in all respects, and did not claim to act for his wife, nor did she assume to be the principal, but everything was in his name as principal. The plaintiff knew all the facts, and charged the account to him, and looked to him for payment. Clearly it was the husband's duty to house. the wife, and there were no acts tending to show agency. The marital relation does not raise a presumption of agency; neither does it repel it. The fact that a new house is being built upon a lot with the knowledge and consent of the owner, no facts being shown as to why or how it is being built, and the owner making some direction as to the work, and afterwards selling the completed structure, is some evidence that the work was done by her consent and at her request; and the materialman who enhanced the value of the wife's property under such circumstances, at the request of the husband, may properly be considered as doing it at the request of the owner. I cannot say that the judgment is entirely unsupported by the evidence. It is therefore affirmed, with costs.

Judgment affirmed, with costs.