(114 App. Div. 846)

### SHESLER v. PATTON.

(Supreme Court, Appellate Division, Second Department. July 24, 1906.)

1. BANKRUPTCY—SALE OF ASSETS—CLAIM AGAINST THIRD PARTY—RIGHTS OF PURCHASER.

Plaintiff, on becoming a bankrupt, listed as an asset an indebtedness of P. for a balance unpaid on a contract for services and materials. The trustee sold such claim at public auction, which was purchased by a third person, who subsequently sold it to plaintiff, and a year after plaintiff obtained his discharge in bankruptcy he brought suit against P.'s wife, as the undisclosed principal of her husband, to recover the unpaid balance. *Held* that, as plaintiff's rights or causes of action for the recovery of the balance unpaid under the contract with P. vested in his trustee in bankruptcy, he acquired no right by the purchase of the claim against P. to maintain a cause of action against defendant.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 374.]

2. PRINCIPAL AND AGENT—AGENCY OF HUSBAND FOR WIFE—EVIDENCE.

Where a husband contracted for certain repairs on a house belonging to his daughter, his agency to contract on behalf of his wife for such repairs could not be established by the husband's declaration in his wife's absence, and proof that the wife was present when the work was being done, and directed minor changes, stating that, as she was the one who was going to live in the house, she wanted the work done right and to her satisfaction.

[Ed. Note.—For cases in point, see vol. 40, Cent. Dig. Principal and Agent, §§ 416, 425.]

3. EVIDENCE—DOCUMENTARY EVIDENCE—FOUNDATION.

In an action by a builder for a balance due on a contract and for extra services, plaintiff was not entitled, over defendant's objection, to read the contents of a memorandum consisting of items of extra work claimed to have been performed, without the laying of a proper foundation therefor.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 1647.]

4. SAME—DECLARATIONS OF AGENT.

Declarations of an alleged agent are admissible as against his principal only when the agency has been established by competent testimony.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 1006.]

Appeal from City Court of Yonkers.

Action by John J. Shesler against Jane A. Patton. From a judgment of the Yonkers City Court in favor of plaintiff, defendant appeals. Reversed.

Argued before JENKS, HOOKER, RICH, and MILLER, JJ.

Andrew F. Murray, for appellant.

Junius Pendleton Wilson, for respondent.

RICH, J. In March, 1901, plaintiff had a conversation with David H. Patton, defendant's husband, relative to certain plumbing work and materials desired by the latter for a house in process of repair owned by his daughter, which led to a written proposal, addressed to Patton and accepted by him, to do the work and furnish the materials, in accordance with written specifications accompanying the proposal, for the sum of $820. As the work progressed, Patton paid plaintiff $700 to apply on his contract, leaving unpaid upon the completion of the work, on the contract price and for extra work, $279.09. This balance was charged upon plaintiff's books to David H. Patton, and no charge was at any time made against the defendant. The plaintiff subsequently went into bankruptcy, and on May 27, 1903, filed his schedules, in which he listed as an asset the indebtedness of Patton for the balance unpaid on his contract of $279.09. The trustee in bankruptcy sold this claim, with others, at public auction, and it was purchased by one Ivers, who subsequently sold it to the plaintiff for $15. Prior to the commencement of this action the plaintiff obtained his discharge in bankruptcy, and a year later brought this action against the defendant, as the undisclosed principal of her husband, to recover the unpaid balance. The issues were tried in the City Court of Yonkers, before the city judge without a jury, and resulted in a judgment for the plaintiff, from which this appeal is taken.

Whatever rights or causes of action existed against any and all persons for the recovery of the balance unpaid plaintiff under his contract with David H. Patton vested in the trustee in the bankruptcy proceedings by operation of law, and he has no right of action for the recovery of such balance, except such as he acquired by the purchase of the claim from Ivers; so that the first question requiring consideration is whether or not such purchase vested in him a cause of action against the defendant. This question must be answered in the negative. The schedules of the bankrupt contained no claim against the defendant. No claim against her was attempted to be sold by the trustee. He sold a claim against David H. Patton, and the right of action attaching to such claim was limited to such debtor. It follows that the only cause of action possessed by the plaintiff is against David H. Patton, and neither he nor his predecessor in title could maintain an action against the defendant, as an undisclosed principal, to recover the debt owing by David H. Patton under the circumstances disclosed by the record in this case. Upon the merits the plaintiff failed to establish a cause of action against the defendant, the evidence being insufficient to sustain his contention that David H. Patton, in making the contract in question, was acting as her agent. The defendant did not own the

property.    She was a tenant in the building at a monthly rental.    The plaintiff's evidence to establish the agency of the husband rests, first, upon his alleged declarations, not made in the presence of the defendant, and not shown to have ever been communicated to her; second, her statements made when she directed some minor changes, to the effect that she was the one who was going to live in the house, and she wanted the work done right and to her satisfaction; and, third, the fact that she was present when some of the work was being done.

Agency cannot be established by the mere declarations of the alleged agent, and proof that the alleged principal was present when the work was being done, where it appears without contradiction that she was not the owner of the property in process of repair, will not change the well-settled rule in this respect.    The learned city judge cites Whipple v. Webb, 44 Misc. Rep. 332, 89 N. Y. Supp. 900, to sustain his conclusion of the defendant's liability, entirely overlooking the essential elements that the defendant wife in that case was the owner of the property, and the husband when purchasing the materials did not state to whom they were to be charged.    The record in this action contains no evidence that any declaration of her husband was made in her presence or brought to her knowledge, that she made any payments for the work, or that it was her money that was used for that purpose by her husband, or that she ever told the defendant that she owned the property, or that her husband was her agent; and she testified that he was never her agent in any business dealings she ever had.    While the evidence is sufficient to warrant a recovery against her for the value of extras ordered personally by her, in favor of a plaintiff entitled to enforce her liability as an undisclosed principal, it lacks the necessary elements to sustain the judgment recovered against her in this action.

Reversible error was also committed by the city judge in the admission of evidence, the plaintiff being permitted, over the objection of the defendant, to read from a memorandum its contents, consisting of the items of the extra work which he claimed to have performed, in the entire absence of a proper foundation being laid rendering such evidence competent, the question of extras being at issue and disputed by the defendant, and the admission of the alleged declarations of defendant's husband unqualifiedly.    Such evidence became competent only when the agency was established by competent testimony, and its reception should have been conditioned on such proof, in the absence of which such declarations remained incompetent, and could not be considered and made the basis of a judgment against the principal.

For these reasons, the judgment must be reversed, and a new trial ordered; costs to abide the event.

JENKS and MILLER, JJ., concur.    HOOKER, J., concurs in the last two grounds stated in the opinion.