LAND, J.
Plaintiff sued as holder and owner of a promissory note of 'the defendant, of date December 8, 1910, for $4,194, payable on demand, to-his own order, and by him indorsed in blank.
Defendant in his -answer admitted the execution of the note sued on, but denied that the same was due and owing by him; and for further answer showed that on May 8, 1910, the plaintiff requested the defendant to sign the note sued on, with the specific understanding that the plaintiff would negotiate the note upon his indorsement at a certain bank and let defendant have $1,500 of *569 the proceeds; that at the maturity of the note defendant would pay him $1,500, with interest, and the plaintiff would pay the balance, with interest; that the plaintiff subsequently informed the defendant that he had been unable to discount or negotiate said note; that the defendant has received no consideration for the execution of said note; and that the plaintiff has never givén any consideration for the same.
On the trial the plaintiff testified that the consideration of the note sued on was a balance of $4,194 due for jewelry sold and delivered to the defendant; that plaintiff placed the note on his schedule of assets when he went into bankruptcy; and that after his discharge by the court he purchased the note and other claims at a bankrupt sale for the price of $75.
The trial judge held that the note was never appraised or sold in the bankruptcy proceedings. We. think that the facts in the record sustain that conclusion.
[1,2] The open accounts on the schedule were appraised at $3,000.
The notes were listed, but were not appraised.' At the foot of the list appears the following:
“N. B.” — “The Notes of E. E. Johnson and L. B. Eabacher are in the hands of IT. A. Moise for collection.”
“The appraisers have included this item of notes in their inventory as a memorandum for-the trustee, being unable to appraise accurately the same.”
This is the first and last mention of the note sued on in the bankruptcy proceedings. Plaintiff's counsel argue that the court ordered the sale of the “open accounts and claims” belonging to the bankrupt estate, and that the word “claims” is broad enough to include notes.
This may be true as a general proposition, but in this case the meaning of the term must be determined from an examination of the proceedings relating to the subject-matter. In a motion made after the order to sell the open accounts and claims, the trustee referred to the order as one “for the sale of the open accounts that are uncollected,” and stated that a reappraisement should be made so that “the said accounts may be disposed of.” The court thereupon ordered “that the remaining open accounts in this matter be reappraised and advertised for sale at public auction, in accord with said reappraisement.” Pursuant to said order, “one lot of uncollected open accounts belonging to the estate in bankruptcy of Jacob Segen” was appraised at $100. The trustee in his final account charged himself with “amount realized from the sale of the open account, $75,” which sum represented the total proceeds of the bankrupt sale.
The attorneys for the trustee testified that they considered the note in question as worthless, and that, Eabacher having gone into bankruptcy, they did not have the note inventoried and appraised for the purpose of sale as required by the Bankruptcy Act. It is admitted that the note was never in the possession of the trustee. We. are satisfied from the record that the note sued on was not included in the bankrupt sale, and that it still remains the property of the bankimpt estate.
The general rules governing negotiable instruments have no application to such a case. A note belonging to a bankrupt estate is out of commerce, and title to the same cannot pass therefrom except by a sale made in accordance with the provisions of the United States Bankruptcy Act.
Judgment affirmed.