WILLIAM A. ELLIS, Respondent, *v.* FEENEY & SHEEHAN BUILDING COMPANY, Appellant.

First Department, May 2, 1919.

Conversion — action by assignor of purchaser of assets of bankrupt from receiver against prior purchaser of portion of said assets — evidence — remedy of receiver in bankruptcy where property has been wrongfully taken from him — cause of action for conversion not assignable by receiver — jurisdiction of bankruptcy court — practice — failure to renew motion to dismiss complaint at conclusion of case — new trial.

In an action to recover damages for the alleged wrongful conversion of personal property it appeared that the defendant had purchased property of a bankrupt contractor located on a·certain lot from the receiver in bankruptcy and had removed said property; that the property was not inventoried among the assets of the bankrupt estate that came into the possession of the trustee but the amount of cash received therefor was carried into the inventory; that the trustee never took any action to set aside the sale nor did he make any demand upon the defendant for the return of the property. Thereafter plaintiff's assignor made an offer

to the trustee for all the assets of the bankrupt and the trustee in his statement to the court of said offer made no mention of any claim against the defendant nor of the property which it is alleged was converted.

*Held,* under the evidence, that the plaintiff failed to show any legal title to the property alleged to have been converted or any right or title to the cause of action if any that the receiver in bankruptcy had for the alleged conversion.

When a plaintiff is not in possession at the time of an alleged conversion of personal property by the defendant he must show property in himself and his right to immediate possession. He must recover upon the strength of his legal right and not upon the defects in the defendant's title.

If property is wrongfully taken from a receiver in bankruptcy he must retake it or recover the damages for the conversion and account therefor to the court.

A cause of action by a receiver for the conversion of property belonging to the bankrupt estate is not assignable by him and does not pass by implication.

If there is any irregularity in a sale by a receiver of the assets of a bankrupt, if more property has been taken under color of the sale than was sold, the remedy is in the bankruptcy court upon the application of the trustee or of a creditor. It cannot be attacked in an action by one who was not a creditor of the estate against the alleged purchaser.

Where defendant's attorney made a motion to dismiss the complaint at the close of plaintiff's case but did not renew it at the conclusion of the entire case the court on appeal has no right to dismiss the complaint but must grant a new trial.

APPEAL by the defendant, Feeney & Sheehan Building Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day of June, 1918, upon the verdict of a jury for $7,000, and also from an order entered in said clerk's office on the 15th day of August, 1918, denying defendant's motion for a new trial made upon the minutes.

*I. J. Beaudrias* of counsel [*Raeburn W. Jenkins* with him on the brief; *Joseph A. Murphy,* attorney], for the appellant.

*Paul Armitage* of counsel [*Douglas, Armitage & McCann,* attorneys], for the respondent.

PAGE, J.:

This action is to recover damages for the wrongful conversion of personal property. The facts material to this appeal are as follows:

F. T. Nesbit & Company, Inc., prior to March 24, 1914, was engaged as contractor in constructing a power house for the United Electric Light and Power Company at Two Hundred and First street and the Harlem river, and had in use on the contract building material and machinery. On March 24, 1914, an involuntary petition in bankruptcy was filed against F. T. Nesbit & Co., and Alfred L. Rose, Jr., was on the same day appointed receiver by the United States District Court for the Southern District of New York. The order among other things directed the receiver within ten days after his appointment to call a meeting of the creditors for the purpose of having them advise him as to their desires in the conduct of the business. Such a meeting was called and a committee of six elected by the creditors as an advisory committee. Robert L. Findlay, a member of the committee, was delegated to get offers for the property which was stored on a lot on Two Hundred and First street. He obtained an offer of $575 from Durkin & Lass Co., and then he spoke to the defendant about the property and told them that he had an offer for it and asked them if they wanted to bid. The defendant sent a Mr. Rigney to New York. Findlay told Rigney that " there was a concrete mixer and planking and lumber and wheel barrows and other paraphernalia in that particular lot." There was other material on the same lot, which he did not describe, which belonged to F. T. Nesbit & Co. He told him it was the material stored on that lot upon which he wanted a bid. Rigney went to the lot and examined the material and telephoned to Findlay. He was not allowed to state the conversation, but from subsequent exhibits (Defendant's A and B) for identification, which were excluded, it would appear that an offer was made of $800. Findlay reported the offer and was directed to accept it by the creditors' committee. Findlay telegraphed the defendant: " You can have the Nesbit material for eight hundred as per offer made yesterday. Confirm this at once. Letter follows."

To this the defendant replied: " We accept your price of $800 for Nesbit material as seen by our Mr. Rigney at the lot where this material was stored."

All of this evidence was excluded by the trial court erroneously, as it was material to the issue whether the property

in suit was wrongfully converted, and the question submitted to the jury was whether these materials and machinery were included in the sale. Mr. Feeney came to New York to superintend the loading of the materials, and was stopped by the caretaker of the receiver, on the lot, who telephoned to the receiver and was told not to allow the materials to be removed as they had not been paid for. Feeney then telephoned to the receiver and made arrangement for payment, and the caretaker was instructed to let him take the materials. All the material on the lot was loaded upon a scow and transported to Albany, where the defendant was in business. The $800 was paid to the receiver and was included in his account, which was confirmed. This, with other money which he had collected, was turned over to himself as trustee, and as receiver he was discharged. Mr. Rose testified that he made no demand for the return of any of this material other than that contained in his letter to Findlay, suggesting that he see the defendant and arrange with it to return the property and receive back the $800, as there was a prospect of Nesbit & Co. resuming business, in which event the concrete mixer would be necessary to them. This property was not inventoried among the assets of the bankrupt estate that came into the possession of the trustee, but the amount of cash that was received by the trustee, which included this $800, was carried into the inventory. The trustee never took any action to set aside the sale, nor did he make any demand upon the defendant for the return of the property. On February 18, 1915, Ellis made a written offer to the trustee, as follows: " I do hereby offer to purchase from you as Trustee, all of the assets of the Nesbit Company in your hands, either as Receiver or as Trustee of said company, real and personal, of every kind and description, including moneys, choses in action, stock, bonds, notes, claims, demands, causes of action, real property, mortgages, for the sum of $48,000."

The trustee reported the offer to the court. In his statement no mention was made of any claim against the defendant nor of the property which it is alleged was converted. Upon the filing of the trustee's petition, appraisers were appointed who appraised the assets, but this property did not include the property removed by Feeney & Sheehan, nor of any

claim against them. The proposition was approved by the creditors, the sale authorized by the court, and the trustee directed to execute the necessary instruments to transfer the property to the Ellis Assets Corporation, to whom Ellis had assigned his bid. The trustee executed and delivered certain instruments, which were not offered in evidence, and the bill of sale, whereby were sold all the right, title and interest of the trustee in and to any and all claims, demands and causes of action in favor of F. T. Nesbit & Co. " against the following persons," setting forth a list, in which the name of this defendant does not appear. The cause of action in suit was assigned by the Ellis Assets Corporation to the plaintiff.

I cannot find that the plaintiff has any cause of action against the defendant. The conversion of the property, if there was any in this case, was the taking of the property from the possession of the receiver. It is elementary law that when the plaintiff is not in possession at the time of the defendant's conversion, he must show property in himself and his right to immediate possession. He must recover upon the strength of his legal right, and not upon the defects in the defendant's title. In considering the case from this viewpoint, we cannot consider whether the defendant wrongfully took the property from the receiver until the plaintiff has demonstrated his legal right to the property.

As we have seen above, this property was not inventoried as an asset of the bankrupt estate in the possession of the trustee, or as property to which the trustee claimed to have any right or title. It was not mentioned in the appraisal nor in any transfer from the trustee to the plaintiff's assignor. The plaintiff has, therefore, failed to show any legal title to this property, nor has the plaintiff shown any right or title to the cause of action, if any, that the receiver had for the alleged conversion. There has been no assignment of such cause of action alleged or proved.

. The receiver is an officer of the court and responsible to it for the property which comes into his possession. If property is wrongfully taken from him, he must retake it or recover the damages for the conversion and account therefor to the court. The persons for whose benefit he holds the property are the creditors, and they are entitled to the benefit of any

recovery, and it must be administered in the bankruptcy courts. Therefore, in my opinion, such a cause of action is not assignable by the receiver, and certainly it would not pass by implication. The sale by the receiver was not void. The bankruptcy court could have authorized the receiver to sell upon a proper showing. Anything that a court can authorize to be done, it can ratify after it is done. In this case the receiver accounted for the proceeds of the sale, and the court confirmed it by passing his accounts. If there was any irregularity in the sale, if more property was taken under color of the sale than was sold, the remedy is in the bankruptcy court upon the application of the trustee or of a creditor. It cannot be attacked in an action by one who was not a creditor of the estate against the alleged purchaser. (See *Mills* v. *Ross*, 39 App. Div. 563; affd., 168 N. Y. 673.)

The defendant's attorney made a motion to dismiss the complaint at the close of the plaintiff's case, but did not renew it at the conclusion of the entire case. We, therefore, have no right to dismiss the complaint, but will have to grant a new trial.

The judgment and order should be reversed and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, SMITH and SHEARN, JJ., concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.