### In re LEVINSON.

(District Court, W. D. Washington, N. D.    March 27, 1924.)

No. 6258.

1. **Bankruptcy ⬳257—Notes owned by bankrupt estate can be transferred only in accordance with Bankruptcy Act.**

   Notes which are the property of a bankrupt estate are out of commerce, and can be transferred only under the provisions of the Bankruptcy Act (Comp. St. §§ 9585–9656).

2. **Bankruptcy ⬳268—Trustee cannot acquire property of estate.**

   A trustee cannot acquire property of the bankrupt estate.

3. **Bankruptcy ⬳268—Purchaser of property of estate held not to have acquired title to notes not scheduled nor inventoried.**

   A trustee, who after his resignation, purchased the assets of the estate, held not to have acquired title to notes which he knew belonged to the estate, but were not scheduled nor mentioned in the inventory on which the sale was based, nor known to his successor, though the bill of sale executed to him purported to convey all the assets.

4. **Bankruptcy ⬳268, 331—Purchaser of assets held to have color of title to all property within the terms of the bill of sale; one with color of title held entitled to prove claim.**

   A purchaser of the assets of a bankrupt estate, who received a bill of sale purporting to convey all of such assets, *held* to have color of title to

---

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

notes belonging to the estate, sufficient to support proof of claim, though by reason of their fraudulent concealment title did not in fact pass to him.

**5. Bankruptcy ⬤336—Proof of claim by one having color of title may be amended after one year by substituting the real owner.**

Proof of claim against a bankrupt estate filed within the year, based on notes and made by one having color of title, may be amended after expiration of the year by substituting the real owner as claimant.

. In Bankruptcy. In the matter of Joseph Levinson, bankrupt. On review of order of referee disallowing claim of J. L. Booth. Reversed. See, also, 295 Fed. 736.

In May, 1914, Joseph Levinson became a tenant of certain business property in the city of Seattle owned by the Amos Brown Estate Company, of which A. L. Brown was president, and upon the organization of the Levinson Company, Inc., a short time thereafter, it succeeded to this tenancy. The Levinson Company continued in such tenancy until December, 1915, at which time a receiver was appointed, followed by the appointment of a trustee in bankruptcy on January 4, 1916. In April, 1918, an involuntary petition in bankruptcy was filed against A. L. Brown, who was thereafter adjudged bankrupt. In re Brown (D. C.) 251 Fed. 365, affirmed 253 Fed. 357, 165 C. C. A. 139.

Prior to bankruptcy the Levinson Company, Inc., borrowed during the year 1914 from three banks, respectively, $12,000, $18,000, and $10,000, on July 16th, July 30th, and September 14th, respectively; A. L. Brown signing the various notes as accommodation indorser. The notes were also indorsed by Joseph Levinson, who owned all of the stock of the Levinson Company, Inc. The Levinson Company defaulted in payment of these notes, and they were paid by A. L. Brown, who took an assignment. Upon the bankruptcy of the Levinson Company, these notes were filed as proof of claim against that company by A. L. Brown, who thereafter received a dividend upon such indebtedness of $230.85. Upon the bankruptcy of A. L. Brown, C. D. Clinton was appointed trustee.

The notes indorsed by A. L. Brown, and paid by and assigned to him, were an asset of the Brown estate. Brown failed to inventory or list these notes as an asset. They were not administered as a part of the estate by Clinton. They at no time appear to have been in Clinton's possession. During the administration of the Brown estate by Clinton as trustee, he knew of this asset, but failed to include the same in his inventory of assets, and the same was never appraised; he did not advise the referee before whom the estate was administered, the creditors, or his successor in office of the existence thereof, and no one in interest had knowledge thereof, except the bankrupt, A. L. Brown, and Clinton, the trustee. Nothing appears in the notice of sale, order of sale, report of sale, order confirming sale, or bill of sale, which is calculated to give parties in interest any notice of the existence of this asset.

The order directing sale of the assets of the Brown estate provided that the sale was to be made "as per inventory." Clinton, while acting as trustee, submitted a bid to the referee for all of the assets of the Brown estate, and sent a letter, with a copy of the bid, to all of the creditors, advising of the bid, and tendering his resignation as trustee. A meeting of the creditors was called by the referee, Clinton's resignation was accepted, and also his bid for the assets of the estate, and Frank A. Hill was elected trustee.

The bill of sale executed by Hill, as trustee of the Brown estate, recited as follows: "* * * Do grant, bargain, sell, and convey to C. D. Clinton all my right, title, and interest as such trustee and of the bankrupts in and to all of the personal property of every nature, kind, and description, wherever located, including all accounts, bills receivable, and choses in action, claims and demands which I, as such trustee of said bankrupts, do or may own."

Joseph Levinson was adjudged a bankrupt on June 27, 1919, with a very small estate scheduled in his voluntary petition. Such proceedings were had that large assets were discovered. Greene v. Levinson, 123 Wash. 370, 212 Pac. 569. On June 24, 1920, Clinton filed proof of unsecured claim in the

sum of $50,592.19, stating the execution of the notes, supra, the payments by Brown, etc., and that the notes are unpaid, and that Frank A. Hill, as trustee in bankruptcy of said A. L. Brown, duly sold same to Clinton. Objections were filed to this claim by the bankrupt and by Rae Levinson, his wife, denying that Clinton was the owner, and that the same was a charge against the community estate of Rae Levinson. A hearing was had before the referee as special master, in which the latter found that the asset in issue was not included in the sale by Hill, trustee; that the bill of sale and order confirming sale did not pass any right, title, or interest to Clinton; and that the claim should be disallowed.

The special master, however, at the time suggested that some amendments might be made which might render it proper to be allowed as a claim of the creditors of A. L. Brown, bankrupt. A continuance was taken, and thereafter proceedings were had in the Southern Division of this District Court, where the bankruptcy proceedings of A. L. Brown were pending, which resulted in the reopening of such proceedings, the appointment of a receiver, and later of a trustee of the estate. On September 21, 1923, Clinton asked leave to file an amended proof of claim, which, after setting forth the claim, the execution of the bill of sale, and the appointment of a receiver in the Brown Estate, states as follows: " * * * That while asserting that your deponent and claimant was and is and has been at all times the real owner of this claim, and without waiving his rights in and to his original claim and this amended claim, your deponent states that said claim was originally filed for and on behalf of such person or parties as should be determined by this court to be the real owner thereof, and entitled to the proceeds of the claimant's original claim and this amended claim."

Thereafter, on October 10th, Clinton asked leave to file a substituted amended proof of claim, in which he recites as before, and then states that J. L. Booth has been elected trustee in bankruptcy of the A. L. Brown estate, and further alleges: "That this deponent therefore submits that his amended claim for and on behalf of J. L. Booth, the trustee, * * * which proof is also on behalf of the qualified creditors of said estate, and hereby prays that said claim be allowed for and on behalf of said creditors, and said trustee, in such manner as is deemed equitable by this court, and that all dividends and proceeds arising from or paid on said claim and this amended claim be paid to said trustee or his successor.

On September 21, 1923, Booth, as receiver, filed a petition in intervention, reciting in substance what is recited in the Clinton claim, and prayed that he be allowed to intervene in the proceedings "involving the standing of the claim and amended claim" filed herein by C. D. Clinton, and prays also that "it be decreed that said Clinton holds said claim and amended claim in trust and for the benefit of your petitioner and said A. L. Brown estate."

On October 8, 1923, a proof of claim was filed by J. L. Booth, as trustee, in which he recited the substance of the Clinton proof of claim, and asserted: "By said sale said C. D. Clinton became the trustee for the creditors of the bankrupt, A. L. Brown. * * * Your deponent is the duly elected, qualified, and acting trustee of said A. L. Brown estate, and as such is the beneficial owner of the claim and amended proof of claim heretofore filed * * * by C. D. Clinton, * * * and does hereby adopt the proof of claim * * * made * * * by said C. D. Clinton; * * * that no creditor has made objection to the proof of claim so made by C. D. Clinton on behalf of your deponent, * * * and your deponent asserts that said proof of claim and amended proof of claim * * * were filed for and on behalf of your deponent, and your deponent asks that said proofs of claim so made by C. D. Clinton be amended in favor of your deponent as the beneficial owner thereof, and said C. D. Clinton directed to pay all dividends that may be paid thereon to your deponent."

The special master found that the proposed amended proof by Clinton is inconsistent, in that he claims to be the owner, but that, if there is any doubt, then it should be held as filed on behalf of the real owners, and that the second amended proof is inconsistent with the original or amended proof, in that he says it was his intention to acquire title in trust for the creditors,

and that there was no evidence offered in explanation by Clinton why it was necessary for him to buy this claim in order to preserve it for the creditors of A. L. Brown, and found that the intent on the part of Clinton to take title to said asset for the benefit of the creditors of A. L. Brown is contrary to the evidence and record, and that the amended proof could not be allowed, because there is no basis for the claim—the sale being "an absolute nullity," there is nothing to amend—and that the claims of the trustee for the A. L. Brown estate, in his petition, which says that said asset was purchased by said Clinton to hold and preserve for the creditors of the A. L. Brown estate, that the original and amended claims filed by Clinton were prepared and filed for and on behalf of the creditors of A. L. Brown and as trustee for said creditors, are not supported by any evidence, but are contradicted by the entire record, as well as by the position of the claimant and the contention of his counsel in the argument on the original Clinton claim.

The special master further stated in his conclusions: " * * * The schedules of Joseph Levinson, bankrupt on file in this case names A. L. Brown as a creditor. * * * A creditor, being named in the schedules of a bankrupt, must take notice and file his proof within a year from the date of the adjudication, regardless of how inaccurate the statement of the debt may be in said schedules. In this case it was clearly the duty of Clinton, who was at that time trustee of the A. L. Brown estate, to file any claims the bankrupt had against said estate. The adjudication of Joseph Levinson as a bankrupt was had in June, 1919. Clinton resigned as trustee of the A. L. Brown estate in November, 1919. The time for filing claims against the estate of Joseph Levinson, bankrupt, expired in June, 1920. Section 57n of the Bankruptcy Act of 1898 (Comp. St. § 9641) provides that 'claims shall not be proved against a bankrupt estate subsequent to one year after the adjudiciation * * * * ' "— and held that the claim cannot be maintained, by Clinton or Booth, trustee, in such manner as to secure any relief in the bankruptcy court.

Bausman, Oldham, Bullitt & Eggerman, of Seattle, Wash. for claimant.

McClure & McClure, of Seattle, Wash., for trustee herein.

Hastings & Stedman, of Seattle, Wash., for C. D. Clinton.

Walter B. Allen, of Seattle, Wash., for trustee on behalf of Rae Levinson.

NETERER, District Judge (after stating the facts as above). [1] The notes in issue were out of commerce, and title could only be transferred in harmony with the provisions of the Bankruptcy Act (Comp. St. §§ 9585–9656). Segen v. Fabacher, 136 La. 568, 67 South. 349, 34 Am. Bankr. R. 89; In re Frazin, 181 Fed. 307, 104 C. C. A. 529.

[2, 3] Clinton, as trustee, could acquire no title. Schofield v. Baker (D. C.) 212 Fed. 504, affirmed 221 Fed. 322, 136 C. C. A. 320, and 243 U. S. 114, 37 Sup. Ct. 333, 61 L. Ed. 626. Nor can he profit by his omission to schedule the asset or failure to challenge the trustee's attention thereto upon his own resignation, and he now asserts no interest, except for the creditors of the Brown estate. The notes were unpaid, were an indebtedness of Levinson, and were an asset of the A. L. Brown estate, and as such passed to the trustee. First National Bank v. Lasater, 196 U. S. 115, 25 Sup. Ct. 206, 49 L. Ed. 408.

[4] Did Clinton, after acceptance of bid and receipt of bill of sale, have such color of title as will support proof of claim? If so, Booth, as the beneficially interested party, may be substituted. On its face the bill of sale conveyed title. Color of title is an apparent, but legally insufficient, title. 3 Bl. Com. 309. Color of title, under the statute of

limitations, is appearance of title, but in fact no title. Cameron v. U. S., 148 U. S. 301, 13 Sup. Ct. 595, 37 L. Ed. 459. A void tax deed, for failure to comply with the statute, affords color of title. Lantry v. Parker, 37 Neb. 353, 55 N. W. 962; Van Gunden v. Iron Co., 52 Fed. 838, 3 C. C. A. 294; Irey et al. v. Mater et al., 134 Ind. 238, 33 N. E. 1018.

[5] The claim was filed within a year. All parties were advised within one year after adjudication. Section 57n, Bankruptcy Act; In re Roeber, 127 Fed. 122, 62 C. C. A. 122; In re Ellis, 252 Fed. 483, 164 C. C. A. 399. While the bill of sale conveyed no title as against the creditors, it did give color of title to the asset. The bankrupt has no interest in it as against the creditors, and no creditor is objecting. All interest in the notes was vested in the Brown estate and its trustee. The transfer by Hill, trustee of the Brown estate, to Clinton, gave to Clinton color of title to support the proof of claim, and Booth, the present trustee, may properly be substituted as the real party in interest for the creditors. This substitution does not change the relation of the indebtedness, or make available to the bankrupt the limitation of section 9641, Comp. Stat., and General Order 21. Lilly v. Tobbein, 103 Mo. 477, 15 S. W. 618, 23 Am. St. Rep. 887; Harlan v. Loomis, 92 Kan. 398, 140 Pac. 845; McDonald v. State, 101 Fed. 171, 41 C. C. A. 278; In re McCarthy Portable Electric Co. (D. C.) 205 Fed. 986; In re Coleman & Titus (D. C.) 286 Fed. 303; In re Patterson-MacDonald Shipbldg. Co. (C. C. A.) 293 Fed. 190.

The order of the referee is reversed, with direction to substitute the trustee, Booth, for Clinton, and allow the claim.