18530.   MULHERIN *v.* NEELY *et al.,* executors.

402

*E. M. Price, W. K. Miller,* for plaintiff.
*Fullbright & Burney,* for defendants.

BELL, J.   J. C. Mulherin filed suit against the executors of R. C. Neely to recover the amount of a number of open accounts which the plaintiff had purchased at public sale from the trustee of a corporation bankrupt, R. C. Neely Company.  The petition showed that the accounts were entered upon the company's books as charges against various individuals, and that they were sold as accounts against these persons as the debtors, but the petition further alleged that R. C. Neely during his lifetime was engaged extensively in the business of farming, and that the persons so appearing upon the books of the bankrupt to be the debtors were Neely's share-croppers; and that the goods were actually bought and delivered to Neely upon his credit, he in turn delivering the same to the other persons in whose names the accounts were entered.   It is averred that "while the indebtedness herein sued on and the obligation upon which this suit is based was designated by the trustee in name of said share croppers, yet plaintiff alleges that said names of the share croppers were mere trade names of said R. C. Neely, and that such a designation by the trustee in sale to plaintiff is a designation of the indebtedness of said R. C. Neely to said Neely Company by the use of his said farm trade names in said conveyance to plaintiff as trustee, and that title to said obligation against said R. C. Neely as so indicated is now vested in the plaintiff."  Upon the basis of these averments it is contended that what appeared to be a number of accounts against various distinct persons was in fact but one account against a different person, namely R. C. Neely, and that his estate is liable for the aggregate amount of the indebtedness.   The superior court sustained a general demurrer and dismissed the petition, and the case is here upon exceptions to that judgment.

Even though the petition may have shown a liability against the estate of R. C. Neely and in favor of the bankrupt or the trustee in bankruptcy, it wholly fails to allege a right of action in favor

of the plaintiff Mulherin. What appears to have been a sale of certain accounts against various individuals can not be converted by construction into the sale of a liability of a person whose name was not known in the transaction, merely by alleging that the person sought to be held incurred the indebtedness upon his own sole credit, not in his own name but in the names of the others as so many trade names in which he transacted business. This would be a clear contradiction of the written terms of the trustee's sale and would amount to nothing less than an attempt to claim a right which the plaintiff had not purchased. If the indebtedness had been against R. C. Neely and not against the other persons referred to, the estate might not have been insolvent. Such could be true in a given case although it might not have been true in the particular case. The accounts in question amounted to upwards of $31,-000, and these, with other claims, amounting in the aggregate to more than $100,000, were purchased by the plaintiff for a very small consideration. If it had been the intention of the trustee to sell an account against R. C. Neely and this had been known to the buyers, the accounts might have been sold for a very much larger sum,—in fact a larger consideration might have been exacted.

We fully recognize that a person may transact business in a trade name. The instant petition may, perhaps, allege this fact sufficiently. It fails to show, however, that either the trustee in bankruptcy or the plaintiff knew of that fact at the time of the sale of the accounts, or that such fact was made known to the court, or was in the contemplation of any person concerned.

We fully agree with the learned trial judge in his holding that "the said Mulherin having only acquired the title in said sale to such claims and demands as the R. C. Neely Company had against the several named and alleged debtors, the purchaser at said sale could not now convert those claims into claims against the estate of R. C. Neely, he not having purchased any claims or demands against him." Compare 7 C. J. 243; Shesler v. Patton, 114 App. Div. 846 (100 N. Y. Supp. 286, 17 Am. Bk. R. 372); Seger v. Fabacker (La.), 34 Am. Bk. R. 89; In Re Levinson (D. C.), 297 Fed. 490, affirmed in 1 Fed. (2d) 851.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*