[Civ. No. 6666. First Appellate District, Division Two.—September 18, 1929.]

D. F. APPLING, Appellant, v. MINARETS AND WESTERN RAILWAY COMPANY (a Corporation), Respondent.

 

Cosgrave & Barstow for Appellant.

Goudge, Robinson & Hughes, Lee A. Dayton, Everts, Ewing, Wild & Everts and Dan F. Conway for Respondent.

BURROUGHS, J., *pro tem.*—This is an appeal by the plaintiff from a judgment of nonsuit.

The complaint states a cause of action for damage. At the opening of the trial the court directed the plaintiff to proceed with proof of his title to the claim sued upon. At the close of such evidence the court granted the motion for a nonsuit.

The evidence discloses that The A. Meister Sons Company was, on January 20, 1923, a corporation, engaged in the business of manufacturing rolling stock and equipment for railroads and also machinery of a general character. That on the day mentioned the said corporation proposed to the Minarets and Western Railway Company, a corporation, the defendant herein, that it would manufacture for the defendant two certain type gasoline rail cars for a total consideration of $12,340 each. This offer was accepted January 29, 1923. It was for an alleged violation of this agreement that the plaintiff brought this action. The evidence further disclosed that on June 26, 1924, The A. Meister Sons Company was adjudicated a bankrupt in the District Court of the United States for the Northern District of California and J. O. Boyd was appointed trustee. There was also received in evidence a certified copy of an order of sale of the assets of said bankrupt, directing the trustee to sell the personal property belonging to said estate at private sale, subject to the confirmation of the court. The next document received in evidence was the order confirming the trustee's sale, which recited "Application having been made by the trustee herein for the sale of stock in trade, fixtures, accounts receivable and other personal property mentioned and described in the inventory on file herein, and belonging to the above estate . . . and said stock in trade, fixtures,

accounts receivable and other personal property having been sold to Feigenberg Bros., for the sum of twenty-five thousand dollars, . . . it being the intention of said sale that said Feigenberg Bros. shall receive all of the assets of the estate for Twenty-five Thousand Dollars ($25,-000.00) as is and subject to liens of encumbrances. . . . It is hereby ordered that said sale be and the same is hereby confirmed as hereinbefore set forth. . . . '' Then follows in evidence an assignment dated November 18, 1924, by Feigenberg Bros. to the plaintiff, D. F. Appling, by which the former sold and assigned to the latter ''All the property, real and personal, conveyed to first parties by sale made by J. O. Boyd, trustee of the estate of The A. Meister Sons Company, a corporation, bankrupt, . . . and being all the property of the said bankrupt, including leasehold interests, machinery, equipment, stock in trade, supplies, material, office equipment, notes, bills and accounts receivable, patent rights, good will of business, including all items set forth and described on four separate inventories describing property of said bankrupt estate, located at Sacramento, Fresno and Woodland, in California, . . . It is the object and purpose of this instrument to convey to and vest in second party above named all right, title and interest in and to the property of the said The A. Meister Sons Company, bankrupt, conveyed to or acquired by first parties or either of them at such bankrupt sale.'' There was then introduced in evidence the report of J. O. Boyd, the trustee of the estate, who reported to the court that upon his appointment he immediately took possession of the property of the bankrupt and had filed an inventory of the same. That thereafter ''all of said property mentioned in said inventory and all the personal property of the estate was offered for sale.'' It then recited the numerous endeavors made to sell the same and it was finally sold to Feigenberg Bros. Plaintiff then offered proof that at the sale mentioned in the foregoing evidence, the claim against the defendant was discussed as a probable source of income to the purchaser. An objection to the offer was sustained. Plaintiff also sought to prove his alleged cause of action for damage, objection to which was sustained on the ground that plaintiff had not proved ownership of the cause of action. The

plaintiff then rested and the court granted a judgment of nonsuit.

It appears that the nonsuit was granted upon the ground that neither the plaintiff nor his predecessors ever acquired title to the alleged cause of action set forth in the complaint for the following reasons: That the cause of action was never listed as an asset of the bankrupt estate, nor in the proceedings leading up to the sale of property of the estate to the predecessor in interest of the plaintiff herein, was there ever any attempt made by the trustee to sell the same nor any attempt made to confirm such a sale. The evidence introduced by plaintiff does not disclose any reference to a claim owned by The A. Meister Sons Company, the bankrupt, against defendant. The verified schedule of assets required to be filed by the bankrupt was not offered in evidence. Neither was there offered in evidence by plaintiff the inventory in said estate, although the court suggested that it be introduced. The law requires that such inventory be made by the trustee and filed in the proceedings in bankruptcy. (Sec. 70 (b), Bankruptcy Act [11 U. S. C. A., sec. 110 (b)].) Such an inventory was made and filed in said estate and at several places in the trustee's report reference was made to the inventory.

We believe that we may proceed upon the theory that such schedule and inventory does not contain any reference to the claim upon which the plaintiff brings this action. Among the disputable presumptions, section 1963 of the Code of Civil Procedure, subdivision 6 thereof, provides: "That higher evidence would be adverse from inferior being produced." It has been held that the foregoing presumption is very strong when documentary evidence is not produced. (10 Cal. Jur. 780; *Del Campo* v. *Camarillo,* 154 Cal. 647 [98 Pac. 1049] ; 10 Cal. Jur. 850.)

The Bankruptcy Act provides that the Supreme Court of the United States shall prescribe all necessary rules, forms and orders as to procedure and for carrying said act into effect.. (U. S. Comp. Stats., sec. 9614; 30 Stats. at Large, chap. 541, sec. 30 [11 U. S. C. A., sec. 53].) In conformity with this statute said court has prescribed the general orders in bankruptcy. Rule XVIII of said orders (see 11 U. S. C. A., sec. 53) provides that sales shall be made by public auction unless otherwise ordered by the court and,

further, that upon application to the court, and for good cause shown, the trustee may be authorized to sell any specified portion of the bankrupt's estate at private sale; in which case he shall keep an accurate account of each article sold and the price received therefor, and to whom sold; which account he shall file at once with the referee. The sale here made of the property of the estate was made at a private sale. The order confirming the sale recites that "application having been made by the trustee herein for the sale of the stock in trade, fixtures, accounts receivable, and other personal property mentioned and described in the inventory on file herein and belonging to the above estate . . . and the same having taken place and said stock in trade, fixtures, accounts receivable, and other personal property having been sold, . . . it is hereby ordered that said sale be and the same is hereby confirmed as hereinbefore set forth." At no place does the record of this action disclose any claim to the cause of action upon which this suit is based. Neither has the schedule of assets made and filed by the bankrupt in the bankruptcy proceeding nor the inventory of the property of the trustee filed in the action been offered in evidence, and, as heretofore stated, the presumption is that they would be adverse to appellant. There is, therefore, no mention made in any of the proceedings in bankruptcy of this claim of the plaintiff. In the assignment from Feigenberg Bros. to appellant it is recited that the assignment is of "All the property, real and personal, conveyed to first parties by sale made by J. O. Boyd, as Trustee of the estate of The A. Meister Sons Company, a corporation, bankrupt, on or about October 15th, 1924, and confirmed by the United States District Court of the Northern District of California, on or about said date and being all the property of the said bankrupt, including leasehold interests, machinery, equipment, stock in trade, supplies, material, office equipment, notes, bills and accounts receivable, patent rights, good will of business, including all items set forth and described on four separate inventories describing property of said bankrupt estate, . . . " There is no mention made in said bill of sale of the cause of action here sued upon. In the opening brief appellant claims that because the trustee of the bankrupt is vested by operation of law with the title of the property of the bankrupt (Bank-

ruptcy Act, sec. 70a [11 U. S. C. A., sec. 110 (a)]), and, further, that because it is the duty of the trustee to collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and further to close up the estate as expeditiously as is compatible with the best interest of the parties in interest (Bankruptcy Act, sec. 47 [11 U. S. C. A., sec. 75]), and that under section 2 of said act, courts of bankruptcy are invested with such jurisdiction at law and in equity as will enable them to cause the estates of bankrupts to be collected, reduced to money and distributed, and these being the only directions in the act respecting sales, sales are entirely informal and the trustee may sell without order of the court and on such terms as he chooses.

We are of the opinion that the sale having been made at private sale, it was necessary under rule XVIII that an accurate account of the sale of the chose in action, here sued upon, together with the price and to whom it was sold, be filed with the referee in bankruptcy. Under the record here made, the claim sued upon is nowhere mentioned in the bankruptcy proceeding. A general statement to the effect that it was intended to convey all of the assets of the estate as heretofore set forth, is relied upon by appellant to establish a sale of this alleged cause of action. We believe the record is not sufficient to show a conveyance of title to this plaintiff.

In *Ellis* v. *Feeney & Sheehan Bldg. Co.*, 187 App. Div. 481 [176 N. Y. Supp. 61], it was held that as certain property was not inventoried as an asset of the bankrupt estate, nor as property to which the trustee claimed to have any right or title, nor mentioned in the appraisal nor in any transfer from the trustee to plaintiff's assignor, there was no assignment of the cause of action proved. It is true that in this case it was held that an unauthorized sale could be ratified by the court, but we are of the opinion that to ratify such a sale, the record must show that the court knew it was so doing. In the case at bar, the claim there sued upon is nowhere mentioned.

In *Shesler* v. *Patton*, 114 App. Div. 846 [100 N. Y. Supp. 286, at page 287], it is said: " . . . the first question requiring consideration is whether or not such purchase vested

in him a cause of action against defendant. The question must be answered in the negative. The schedules of the bankrupt contained no claim against the defendant. No claim against her was attempted to be sold by the trustee.''

In *In re Butler Candy Co. Inc.*, 8 Fed. (2d) 311, it was held that a sale of a bankrupt's assets at private sale, on petition of the trustee, describing the property, and on which the offer was based, did not include life insurance policies, which were not scheduled, mentioned in the petition, nor known to the trustee or creditors, and which, if known, were not such property as would have been sold.

In *Segen* v. *Fabacher*, 136 La. 568 [67 South. 369], it was held that a sale of a bankrupt's assets must be made in accordance with the Bankruptcy Act and title to any of said assets cannot pass from the estate of the bankrupt to a purchaser except by a sale in accordance with the provisions of said statute.

In *Cook* v. *Teitelman*, 102 Conn. 574 [129 Atl. 546, 6 A. B. R. (N. S.) 256], a lease had not been inventoried as a part of the bankrupt's estate. Under an order authorizing the trustee to sell all goods, wares and merchandise and fixtures of said bankrupt a sale was made to defendant. Notwithstanding that defendant at the time of the sale understood he was buying the interest of the bankrupt in the lease and the trustee assented thereto, and the lease was assigned and transferred to him as the purchaser, the court held the sale was void because the referee never authorized the sale nor approved of it after it was made.

Among the cases cited by appellant is *In re Levinson etc.*, 1 Fed. (2d) 851, which he claims is directly in point. This case was before the Circuit Court of Appeals, Ninth Circuit. The opinion and decree of the District Court in the same case is reported at 297 Fed. 490, said decree being affirmed. It was held in the opinion of the District Court that one Clinton, a trustee, who resigned as such trustee to become a bidder at a sale of the assets of his bankrupt, and who purchased the assets of the estate, was held not to have acquired title at said sale to notes which he knew belonged to the estate, but which were not scheduled nor mentioned in the inventory on which the sale was based, nor known to his successor, to be in existence though the bill of sale exe-

cuted to him purported to convey all the assets. But Clinton, having color of title, could file proof of such claim with the trustee of the estate against whom the claim was a charge, within the time allowed by law and it could be amended after the expiration of the said time by substituting the real owners as the claimants. *In re Levinson*, 1 Fed. (2d) 851, is the same case upon appeal. The question there presented and decided was that Clinton, the former trustee, who presented the claim as his own, had a color of title which permitted the filing of the amended claim by the real owner. No question of the real ownership of the claim was decided by the court of appeal. It was merely held that Clinton had "color of title" and the claim presented by him was sufficient to allow the real owners to be substituted in the claim and thereby defeat the time limit for the presentation of claims. "Color of title is defined to be that which in appearance is title but which in reality is no title." (2 Words and Phrases, 1st ed., p. 1264, and cases there cited.) In our opinion the case is not in point.

▊ It is also claimed by appellant that sales of the character in question are not subject to collateral attack. In the case at bar plaintiff is seeking to recover upon a chose in action, and alleges in his amended complaint that on June 26, 1924, The A. Meister Sons Company was adjudicated a bankrupt, and by proceedings duly and regularly had, all of the assets of the said corporation were sold by the trustee in bankruptcy and the plaintiff has succeeded to and now owns all the assets of The A. Meister Sons Company, bankrupt. This allegation is denied by the answer of defendant. Having alleged his title and it having been denied, it was incumbent upon him to prove it. (*Bovard* v. *Dickenson*, 131 Cal. 162 [63 Pac. 162]; *Gilbert* v. *Miller*, 68 Cal. App. 40 [228 Pac. 662].)

▊ Appellant further contends that the court erred in excluding parol testimony to show what transpired at the sale. But we are of the opinion that such evidence was properly excluded, the sale in bankruptcy being a judicial sale, the proceedings held in the matter of the estate of the bankrupt were all matters of official record and should be proved by certified copies thereof (sec. 1905, Code Civ. Proc.), as they contain the legitimate evidence of the sale.

We are of the opinion that the plaintiff, having failed to prove his ownership of the cause of action, the court was right in granting the motion for a nonsuit.

The judgment is affirmed.

Nourse, Acting P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 17, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 14, 1929.

All the Justices concurred.