WILLIAM E. DAVIS ET AL. *vs.* SYLVIA A. IVES.

Third Judicial District, Bridgeport, April Term, 1903.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The Bankrupt Act of 1898, § 70, provides that the property of the bankrupt estate shall, when practicable, be sold subject to the approval of the court; and that it shall not be sold otherwise, for less than seventy-five per cent of its appraised value. *Held:* —

1. That a sale for more than seventy-five per cent of the appraisal did not dispense with the necessity of securing the court's approval, if practicable.

2. That a sale and deed of an equity of redemption by the trustee, which the court, upon his application, refused to confirm, passed no title to the purchaser and grantee, on which he could maintain a suit to redeem.

Section 42 of the Bankrupt Act makes the docket entries of the referee a part of the record, and therefore legal evidence of the matters stated in them.

Under § 38 of said Act, the disapproval of a sale by the referee—in the absence of any attempt to review his ruling—is a disapproval by the court.

A trustee in bankruptcy has no power to dispose of the bankrupt estate, except in accordance with the provisions of the Bankrupt Act.

Argued April 15th—decided May 12th, 1903.

ACTION to redeem mortgaged real estate, brought to the Superior Court in New Haven County where a demurrer to the answer was overruled (*Shumway*, *J.*) and the case was afterwards tried to the court, *Thayer*, *J.*; judgment for defendant, and appeal by plaintiffs. *No error*.

*Charles S. Hamilton*, for the appellants (plaintiffs).

*Harry G. Day*, for the appellee (defendant).

BALDWIN, J. The plaintiffs claim title to an equity of redemption in the premises in question under a conveyance by a trustee in bankruptcy. After the mortgage to the defendant, and while the mortgagor, George W. Ives, was in partnership with his son, the firm and both of its members were adjudicated bankrupts on a petition, filed October 6th, 1900, by the defendant and others, as creditors. A single docket number, 498, was assigned to all the bankruptcy proceedings, by the District Court. Prior to October 6th, the defendant had brought suit in the Superior Court to foreclose her mortgage. On December 15th, 1900, an order was made by the referee in bankruptcy, entitled " In the matter of G. W. Ives & Son, Bankrupt: in Bankruptcy, No. 498," that the trustee " be authorized to sell any or all of the property of the bank-

rupts at private sale." On December 31st, 1900, an appraisal of the property of the firm and of the individual property of each partner was returned, in which the value of the interest of George W. Ives in the mortgaged premises was put at $900. In January, 1901, the trustee in bankruptcy, on his own application, was made a party defendant to the foreclosure suit, and in the following March a decree of foreclosure was passed. The law day for the trustee in bankruptcy was put on July 1st, 1901. On June 29th, the latter filed in the District Court a paper of the following tenor: —

"In the matter of the estate of George W. Ives, Bankrupt: in Bankruptcy.

"Respectfully represents Frank L. Stiles, trustee of the estate of said bankrupt: that he has sold the equity in certain portions of the real estate in said estate, pursuant to an order of the Honorable Henry G. Newton, referee in bankruptcy, made on the 15th day of December, 1900, to wit" (describing the mortgaged premises) "to James A. Davis and William E. Davis for the sum of one thousand (1,000) dollars, and it appears for the best interest of said estate that said sale be confirmed by this court, the said trustee praying that said sale be confirmed."

On the same day a hearing was begun before the referee in bankruptcy, upon the matters thus presented, and adjourned to July 1st, when the referee refused to confirm the sale as prayed for or to approve the deed (which, during this interval, had been delivered and recorded). Meanwhile, on June 29th, the plaintiffs tendered the amount necessary to redeem the premises, to the defendant, and also a quitclaim deed to themselves for execution. On July 1st, this was repeated. On each occasion she refused to accept the tender or execute the deed. It did not appear that any consideration for the deed from the trustee to them was in fact paid to him by the plaintiffs, or that it was not practicable to sell the premises at public auction or subject to the approval of the referee.

The Bankrupt Act (§ 70) directs that "real and personal property belonging to bankrupt estates shall be appraised by

Davis v. Ives.

three disinterested appraisers ; they shall be appointed by, and report to, the court.   Real and personal property shall, when practicable, be sold subject to the approval of the court ; it shall not be sold otherwise than subject to the approval of the court for less than seventy-five per centum of its appraised value.   The title to property of a bankrupt estate which has been sold, as herein provided, shall be conveyed to the purchaser by the trustee."   The General Orders in Bankruptcy (18) provide that " all sales shall be by public auction unless otherwise ordered by the court," and that " upon application to the court, and for good  cause shown, the trustee may be authorized to sell any specified  portion of the bankrupt's estate at private sale."

For the purposes of this case, we shall assume that the order of December 15th, 1900, gave the trustee authority to sell all the estate, real or personal, of the partnership or of either of its members, at private sale.   Such sale, however, was by force of the statute, to be made, so far as practicable, subject to the approval of the bankrupt court.   This remained true even in case of property sold for three fourths of its appraised value.   The express prohibition in § 70 against selling for less than that without such approval did not qualify the preceding  words by an implication that, on a sale for more than that, no approval need be sought.   Both parts of the statute stand well together.

The plaintiffs had the burden of proving that the deed under which they claimed was an operative conveyance. They failed to satisfy the Superior Court that it was impracticable to make the sale subject to the approval of the court. On the contrary, it was shown that the trustee sought such approval, and that, after due notice and hearing, it was refused.   It follows that they have no title upon which they could found a right of redemption.

The Superior Court properly treated the docket entries of the referee as legal evidence of the matters therein stated. The Bankrupt Act (§ 42) made them part of the record of the bankruptcy proceedings ; and therefore, so far as they

went, the best evidence of what those were.  *Smith* v. *Brockett*, 69 Conn. 492, 501.

Under the Bankrupt Act (§ 38), the disapproval of the sale by the referee (there having been no attempt to review it) was its disapproval by the District Court.

The plaintiffs' demurrer was properly overruled.  It is unnecessary to inquire whether the averments in the answer, that their deed was fraudulently procured and given, were sufficient.  The other averments, to the effect that the sale had not been approved and had been disapproved by the bankruptcy court, fully met the plaintiffs' case.

While the trustee in bankruptcy, when he executed the deed, held the title to the equity of redemption, he had no power to dispose of it, except in accordance with the provisions of the Bankrupt Act.  A proper sale was a condition precedent to a valid conveyance.  *Osborn* v. *Baxter*, 4 Cush. 406; *Williamson* v. *Berry*, 8 How. (U. S.) 495, 548.  A valid conveyance was a condition precedent to the maintenance of a suit to redeem.  *Dorrance* v. *Raynsford*, 67 Conn. 1.  In the case at bar both sale and deed having been disapproved by the court through which only could come authority to make them, neither could avail to support the plaintiffs' claim.

The finding contained all the material facts, and the exceptions taken to it are overruled.

There is no error.

In this opinion the other judges concurred.