CURTIS C. COOK *vs.* FRANK TEITELMAN.

First Judicial District, Hartford, May Term, 1925.
WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, Js.

This court will not consider a motion to correct a finding, when neither the written exceptions annexed to the motion nor the reasons of appeal relating thereto state any of the permissible grounds (Practice Book, p. 309, § 11) for making the correction sought.

In an action by a lessor to recover rent from one who is alleged to have purchased the lease from the trustee in bankruptcy of the tenant's estate, the plaintiff must prove that the sale was legally effective, i.e., that it complied with § 70 of the Bankruptcy Act, which requires all sales by trustees to be made, as far as practicable, subject to the approval of the bankruptcy court.

An order by a referee in bankruptcy empowering the trustee to sell "all goods, wares, merchandise and fixtures" of the bankrupt does not authorize the sale of a lease which is not inventoried as part of the estate; and though the trustee confirms the lease and shares the purchaser's belief that it is included in the sale, and though the purchaser takes possession and continues to pay rent to the lessor, he does not thereby become a tenant ·under the lease, nor is he liable in an action for rent.

In such an action, evidence that the trustee's advertisement of the sale contained the word "lease," is admissible.

Argued May 6th—decided June 2d, 1925.

ACTION to recover rent alleged to be due under a lease of the plaintiff's premises, brought to the Court of Common Pleas in Hartford County and tried to the court, *Dickenson, J.;* judgment rendered for the plaintiff for $317, and appeal by the defendant. *Error and new trial ordered.*

*William A. Bree* and *Benjamin F. Goldman,* for the appellant (defendant).

*Lucius F. Robinson, Jr.,* for the appellee (plaintiff).

The facts sufficiently appear in the opinion.

CURTIS, J.   The defendant seeks to have the finding corrected. He filed a motion in the lower court to that effect, and, with that motion, filed written exceptions to various paragraphs of the finding. Neither in the written exceptions to the finding, nor in the reasons of appeal relating thereto, does the defendant state any grounds for making the corrections sought.

We have held that in "the absence from the exceptions or reasons of appeal of any permissible grounds for correcting the finding, there is no basis in the record for a correction of the finding by this court." *DeFeo* v. *Hindinger,* 98 Conn. 578, 581, 120 Atl. 314.

The grounds for correcting a finding appear in Practice Book, p. 309, § 11.

The reasons of appeal relating to the refusal of the trial court to correct the finding are therefore overruled.

The plaintiff is the owner of a store in Hartford. On June 30th, 1919, he leased the store by written lease to George and Albert Glassman, for the term of five years for the rental of $2,800 for the first two years and three months, and $3,600 for the last two years and nine months, payable in advance monthly payments.

The written lease was never recorded. The Glassmans were conducting business in the store. The lessees, the Glassmans, in September, 1923, were adjudged bankrupts, and A. A. Katz was appointed trustee on September 8th, and took possession of the store and contents. The court finds that the trustee elected to accept the lease to the Glassmans as an asset of the bankrupt estate. The lease then had about ten months to run. The lease was not inventoried as a part of the bankrupts' estate. On September 27th, 1923, the referee in bankruptcy passed the following order: "Ordered that the trustee be authorized to sell all of the goods, wares, merchandise and fixtures of the said bankrupts by the official auctioneer and make due report to said court."

On October 11th, 1923, by virtue of the order, all of the stock and fixtures of the bankrupt estate were sold by William H. Wakelee, the official auctioneer of the bankruptcy court, to the defendant. At the time of the sale, the defendant, in purchasing the stock and fixtures, understood that the interest of the bankrupt estate in the lease was assigned and transferred to him as the purchaser of the assets of the bankrupt estate and the trustee assented thereto. There was no order from the referee authorizing the trustee or auctioneer to sell the lease.

On the day following the sale, the trustee notified the plaintiff by letter (plaintiff's Exhibit B) that the estate would be responsible for rent up to and including October 17th, 1923, and that the lease, expiring July 1st, 1924, had been sold to the defendant. The defendant, immediately after the sale, entered and took possession of the store, claiming a right to such possession as the assignee of the lease and asserting such right to the plaintiff. The plaintiff conceded the defendant's right thereto and accepted him as a tenant

under its terms, and on October 18th, 1923, presented the defendant with a bill for rent as fixed by the terms of the lease for the balance of the month of October, which the defendant paid. A bill was presented to the defendant by the plaintiff for the November rent as fixed by the terms of the lease and on November 26th the defendant paid the bill. During all the time the defendant occupied the premises the place was closed; that is, no business was conducted there.

On December 14th, the defendant removed his goods from the store and abandoned the premises, tendering the plaintiff a check for rent from December 1st to December 15th, 1923. The plaintiff refused to accept the check and demanded the full month's rent under the lease, which the defendant refused to pay.

The record does not disclose any further proceedings in the bankruptcy court, but disclosed that the trustee claimed that he did not accept the lease as an asset and did not sell it, and that his letter, Exhibit B, as to having sold it was a mistake, which facts the court did not find proved.

The plaintiff is suing upon the lease and not for use and occupation, and as to the lease has the burden of proving that the sale made by the trustee was an effective sale. *Davis* v. *Ives,* 75 Conn. 611, 54 Atl. 922; *Segen* v. *Fabacher,* 34 Amer. B. R. 89.

In speaking of what constitutes an effective conveyance in the *Davis* case, we there say (p. 614) that under § 70 of the Bankruptcy Act, all sales must be made as far as practicable subject to the approval of the bankruptcy court. It was not proved in this case that the trustee so sold this lease, nor that the sale of the lease was approved by the bankruptcy court.

The plaintiff's case, as alleged in his complaint, required him to prove that the lease was sold to the defendant in pursuance of an order made by the referee

in bankruptcy. The court has found that there was no order from the referee authorizing the trustee or auctioneer to sell the lease. The trustee held title to this lease, but could not make an effective sale of it except in accord with the provisions of the Bankruptcy Act, which require the approval of the bankruptcy court. *Davis* v. *Ives,* 75 Conn. 611, 54 Atl. 922.

The sale was void because on the facts found the referee neither authorized the sale, nor approved of it after it was made.

The plaintiff therefore has not proved that the defendant had title to the lease, upon which an action could be brought against him.

The plaintiff filed a bill of exceptions claiming error in the following ruling upon evidence. The plaintiff claimed at the trial that the lease of the bankrupt estate was advertised for sale by Mr. Katz, the trustee in bankruptcy, and offered evidence to prove that fact as follows: "Q. Mr. Katz, did you advertise the sale of the assets of the Linden Pharmacy (the bankrupt estate)? A. Yes. Q. You did? Didn't that list include the word 'lease'?

"Mr. Goldman: I object to that. . . . The Court: . . . sustain the objection."

The plaintiff duly excepted.

The plaintiff offered this evidence, claiming that it was material to the issue as to whether or not the lease was in fact sold.

The question was clearly admissible because the fact claimed, if proved, tends to show an intent to do what it was sought to show was done.

There is error and a new trial is ordered.

In this opinion the other judges concurred.