[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this summary process action, the plaintiff alleges that the defendant was a week-to-week tenant of residential property and failed to pay the weekly rent of $135.00 on March 15, 1997. While it would be inappropriate for the court to recite all of the evidence adduced at trial; Velsmid v. Nelson, 175 Conn. 221, 225,397 A.2d 113 (1978); it is sufficient to note that the parties were at issue over the terms of the tenancy and whether the defendant failed to pay the rent according to those terms. The plaintiff had the burden of proving the disputed allegations of his complaint, specifically the nature and the terms of the rental agreement and the defendant's breach of that agreement, by a fair preponderance of the evidence. See Jefferson Garden Associates v. Greene,202 Conn. 128, 143, 520 A.2d 173 (1987); Cook v. Teitelman, 102 Conn. 574,577, 129 A. 546 (1925); Southland Corporation v. Vernon,1 Conn. App. 439, 443, 473 A.2d 318 (1984); S. H. V. C., Inc. v. Roy,37 Conn. Sup. 579, 580, 428 A.2d 806 (App. Sess. 1981). The evidence as a whole is equivocal. The plaintiff has not sustained his burden of proof. That the plaintiff has proceeded pro se does not excuse him from this burden of proof. A pro se "`litigant is bound by the same rules of evidence and procedure as those qualified to practice law.' Cersosimo v. Cersosimo, 188 Conn. 385,394, 449 A.2d 1026 (1982); Rodriguez v. Mallory Battery Co.,188 Conn. 145, 151, 448 A.2d 829 (1982)." Mantell v. Greene,15 Conn. App. 1, 5, cert. denied, 209 Conn. 805, 548 A.2d 441 (1988).
Judgment may enter for the defendant on the complaint; the counterclaim is dismissed.[1]
BY THE COURT
Bruce L. LevinJudge of the Superior Court